ITASCA COUNTY SOCIAL SERVICES and Lisa Marie Allord, Respondents,

v.

Boris MILATOVICH, Appellant.

No. C6–85–1575.

Court of Appeals of Minnesota.

Feb. 18, 1986.

John P. Dimich, Itasca Co. Atty., W. James Mason, Asst. Co. Atty., Grand Rapids, for respondents.

Manuel H. Stein, Stein & Stein, Hibbing, for appellant.

Considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

PARKER, Judge.

### FACTS

At a hearing on respondents' motion for summary judgment of paternity, the following facts were elicited. Respondent Lisa Allord, an unmarried woman, gave birth to a child on May 17, 1984. Allord testified that during the time of conception she had had sexual intercourse with only two men, appellant Boris Milatovich and Darrol Peterson. She had sexual intercourse with Milatovich on August 15, 1983, and with Peterson prior to that date. Milatovich testified that he had intercourse with Allord on August 15.

A blood test report on file with the court concludes that Peterson could not be the natural father of the child and that it is 99.993 percent probable that Milatovich is the father of the child.

The trial court granted summary judgment in favor of respondents, finding:

Blood testing results in this case show a very high probability that Boris Milatovich is the natural father of Joshua Ryan Allord. The paternity index is 14,038.3, which may be represented as a probability of 99.993 percent. Further testing was done with the blood of a person named Darrol A. Peterson and the result of that test is the categorical conclusion of Dr. H.F. Polesky, M.D., that Darrol A.

Peterson cannot be the natural father of Joshua Ryan Allord.

### DECISION

We agree with appellant's contention that the trial court relied on documents not in evidence in granting summary judgment. The blood test report was not offered or admitted into evidence, nor was it in affidavit form. *See* Minn.R.Civ.P. 56.03 (summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law"). Without the blood test report, an issue of material fact existed, namely, which of the two men with whom Allord had sexual intercourse was the father. *See id.* The trial court erred by granting summary judgment.

Respondents contend that the following affidavit establishes sufficient evidence of appellant's paternity:

The undersigned, Cindy Gremmels, being first duly sworn, states that the blood test results for this case show that the Defendant, Boris Milatovich has a probability of being the father of Joshua Ryan Allord, born May 17, 1984, of 99.993 percent. Further, records show that the mother Lisa Allord has identified Boris Milatovich as the father, remembers when conception took place, and where.

Dated this 13th day of May 1985
/s/Cindy Gremmels
Child Support Officer

We agree with appellant's contention that this affidavit does not comply with the requirements of Minn.R.Civ.P. 56.05 that affidavits be made on personal knowledge, set forth facts that would be admissible in evidence, and "show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.* Gremmels does not assert that she has personal knowledge of the probability of paternity or show how she is competent to testify to the probability of paternity. The probability of paterni-

ty would be admissible into evidence were the proper foundation laid, but Gremmels does not show that she or anyone else could lay the foundation. Nor is the source of the "test results" and "records" identified.

Appellant also claims that the hearing was actually a bench trial because the trial court heard testimony. Although Minn.R.Civ.P. 56.03 contains no reference permitting oral testimony at a summary judgment hearing, it does not expressly prohibit oral testimony. The trial court did not err by permitting oral testimony at the summary judgment hearing.

*Reversed and remanded.*