**CITY OF FARIBAULT, Appellant,**

v.

**ONE 1976 BUICK LeSABRE, SERIAL NO. 4P39J6X159337, Respondent.**

**No. C9–87–182.**

Court of Appeals of Minnesota.

June 16, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Warren D. Chamberlain, Faribault City Atty., Faribault, for appellant.

Craig Ricke, pro se.

Considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant City of Faribault brought a forfeiture action under Minn.Stat. § 609.-531 (Supp.1985) against Craig Ricke's 1976 Buick LeSabre. The city moved for summary judgment. The trial court denied the motion and dismissed the forfeiture action. On appeal, appellant claims it was entitled either to summary judgment or a trial on the merits. We affirm the trial court.

## FACTS

In March 1986 Craig Ricke was charged with burglary in the second degree and two counts of felonious theft in violation of Minn.Stat. §§ 609.582, subd. 2(a) (1984) and 609.52, subds. 2(1) and 3(2) (1984). On March 27, 1986 Ricke pleaded guilty to the felony theft of an 1851 Colt model navy revolver on February 19, 1986, from Janet Favro. Pursuant to a plea agreement, the other two charges were dismissed.

Under the agreement the State agreed to request a stay of imposition of sentence, recommend maximum jail time of 90 days, and request that Ricke make restitution for the stolen firearms and reimburse the county for the attorney fees expended for a public defender.

Ricke received the following sentence: (a) stay of imposition of sentence for three years;

(b) supervised probation for three years with the following conditions of probation:

(1) 90 days in the county jail under the *Huber* law, with credit for 22 days already served;

(2) $50 assessment to be paid within two months; and

(3) $21,730 in restitution to Janet Favro for the stolen firearms and $822 for reimbursement of attorney fees, to be paid within 30 months.

To fulfill his restitution and attorney fees obligations, Ricke was to pay the Rice County Court Administrator $750 per month beginning September 1, 1986, continuing until all obligations are fulfilled. At the time of sentencing, appellant was employed by a construction company. The presumptive sentence for the felony theft conviction, a severity level 4 offense, with appellant's criminal history score of 0, was a stayed twelve month and one day sentence.

In March 1986, the city instituted a forfeiture action under Minn.Stat. § 609.531 against Ricke's 1976 Buick LeSabre. The city claimed the car was a "conveyance device" subject to forfeiture under the statute. The city had previously seized the car at the time of Ricke's arrest. Ricke did not file an answer in response to the forfeiture complaint.

In December 1986, the city moved for summary judgment in the forfeiture action. The city submitted affidavits from Robert Jones and Thomas Ingram, of the Faribault Police Department, indicating the department was informed by a Nancy Reint that on February 19, 1986, she observed Ricke drive a 1976 yellow Buick LeSabre, bearing Minnesota license # ANS–826, to Janet Favro's residence. Reint was standing across the street and observed Ricke go up to Favro's door and knock. When there was no answer, Ricke manipulated the doorknob to gain admission into the house. Ricke left the house carrying a paper bag. He entered the 1976 LeSabre and drove away. The affidavits also indicate that Mike Dube informed the police that on February 19 he transported Ricke, who was carrying a paper bag, to a location near a firm named Muzzleloader's Etcetera. Dube left his vehicle and later returned to find Ricke gone. The bag was crumpled up with nothing in it. The 1851 Colt model navy revolver was sold to Muzzleloaders on February 19, 1986.

Ricke did not submit a written response to the summary judgment motion, but appeared *pro se* at the motion hearing to oppose the forfeiture. Ricke stated he did not take the pistol on February 19, but had taken some weapons earlier and used a different car to transport the property. While Ricke's statements were made in open court, it does not appear they were made while under oath. Ricke alleged the car he used to transport the weapons was now in the possession of his ex-wife.

By order dated December 16, 1986, the trial court denied the city's motion for summary judgment, and on its own motion granted summary judgment in favor of Ricke and dismissed the forfeiture action. The court indicated there remained a factual question of whether Ricke stole the pistol on February 19 and used the LeSabre to transport the firearm. However, the trial court held that even if Ricke had used the LeSabre to leave the scene and transport the firearm, as a matter of law the car was *not* "used in the commission" of the theft. The court reasoned Ricke merely used the vehicle for transportation and could just as easily have walked.

The trial court also indicated Minn.Stat. § 609.531, subd. 6(c) provides that the court *may* order forfeiture, and that in this case the court declined to exercise its discretion to order forfeiture. The court explained that Ricke was being punished for the theft in the companion criminal matter

and the forfeiture of his vehicle would result in an "excessive penalty."

On January 29, 1987, a judgment of dismissal was entered. The city filed this appeal seeking review of the January 29 judgment. Ricke has not filed a brief, and the matter is proceeding pursuant to Minn. R.Civ.App.P. 142.03.

## ISSUE

1. Did the trial court err by denying appellant's summary judgment motion?

2. Did the trial court abuse its discretion by declining to order forfeiture of the 1976 Buick LeSabre?

## ANALYSIS

### I.

*Summary judgment*

Summary judgment is appropriate when there are no genuine issues as to any material fact, and either party is entitled to judgment as a matter of law. Minn.R. Civ.P. 56.03; *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982). The trial court must review the evidence in the light most favorable to the nonmoving party, and on appeal this court must review the evidence most favorable to the one against whom the motion was granted. *Id.*

The trial court denied the city's summary judgment motion concluding there remained a factual issue of whether Ricke stole the pistol on February 19, 1986, and used the LeSabre to transport the pistol. To reach this conclusion, the court apparently relied on Ricke's unsworn statement at the motion hearing that he did not steal the firearms on February 19, but instead stole them earlier and used a different car. Ricke presented no affidavits on this issue. Since an adverse party may not rely on merit averments or denials, Minn.R.Civ.P. 56.05; *see generally Eakman v. Brutger*, 285 N.W.2d 95, 97 (Minn.1979), it is questionable whether the trial court should have relied upon Ricke's unsworn denial. Also, prior to the forfeiture motion hearing, Ricke pleaded guilty to the charge of

felonious theft of the pistol from Favro's residence on February 19, 1986.

■ However, even taking these facts into account, the trial court acted properly by denying summary judgment to the city. The police officers' affidavits, submitted by the city, were defective because the officer's statements were not based on their personal knowledge, but instead contained hearsay information they received from Nancy Reint and Mike Dube. *See Itasca County Social Services v. Milatovich*, 381 N.W.2d 497, 498 (Minn.Ct.App.1986); *Marose v. Hennameyer*, 347 N.W.2d 509, 511 (Minn.Ct.App.1984). Rule 56.05 requires that affidavits be based on personal knowledge. *Boulevard Del, Inc. v. Stillman*, 343 N.W.2d 50, 52 (Minn.Ct.App.1984). Thus, the city's defective affidavits alone provided an insufficient basis to grant the city summary judgment. We affirm the trial court's conclusion that the city was not entitled to summary judgment because there was an unresolved factual issue of whether Ricke used the LeSabre in the theft.

### II.

*Forfeiture*

After deciding against the city's motion for summary judgment, the court went on to hold that, even if the Buick was used to transport Ricke to and from the scene of the theft and to transport the stolen pistol, it would *not* be subject to forfeiture under the statute, because, as a matter of law, the car was not "used in the commission" of the theft. The trial court further concluded that, even if the car had been used in the commission of the theft, forfeiture is discretionary under Minn.Stat. § 609.531, subd. 6(c), which directs the court "may order" forfeiture. The court declined to exercise its discretion to order forfeiture because Ricke was being punished for the theft in the companion criminal matter, and a forfeiture in the vehicle would result in an "excessive penalty."

Minn.Stat. § 609.531 in part provides:

Subdivision 1. **Definitions.** For the purpose of this section, the following terms have the meanings given them.

(a) *"Conveyance device"* means a device *used for transportation in connection with a designated offense* and includes, but is not limited to, motor vehicles, trailers, snowmobiles, airplanes, and vessels. The term "conveyance device" does not include property which is, in fact, itself stolen or taken in violation of the law.

\* \* \* \* \* \*

Subd. 6. **Forfeiture procedures.** *Any* proceeds which are derived from or traced to the commission of a designated offense, *conveyance device,* communications device or component, primary container, weapon used, or contraband property *shall be forfeited according to the following procedure:*

(a) *a separate complaint shall be filed* against the proceeds which are derived from or traced to the commission of a designated offense, *conveyance device,* communications device or component, primary container, weapon used, or contraband property *describing it, and either specifying that it is contraband property, or specifying that it constitutes proceeds derived from or traced to the commission of a designated offense, or charging its use in the specified violation, and specifying the time and place of its unlawful use;*

(b) if the person charged with a designated offense is not convicted of an offense, the court shall dismiss the complaint against the proceeds which are derived from or traced to the commission of a designated offense, conveyance device, communications device or component, primary container, or weapon used pursuant to subdivisions 2 to 5 and order the property returned to the persons legally entitled to it;

(c) *if after conviction of a felony offense the court finds that the* proceeds derived from or traced to the commission of a designated offense, *conveyance device,* communications device or component, primary container or weapon *was*

*used in commission of a designated offense, it may order that the* proceeds which are derived from or traced to the commission of a designated offense, *conveyance device,* communications device or component, primary container or weapon *be sold, used, converted, or disposed of by the appropriate agency in the following manner:*

(1) if the lawful ownership of the proceeds which are derived from or traced to the commission of a designated offense, conveyance device, communications device or component, primary container, or weapon used can be determined and it is found the owner was not privy to violation of a designated offense, the proceeds which are derived from or traced to the commission of a designated offense, conveyance device, communications device or component, primary container, or weapon used will be returned forthwith; or

(2) if the lawful ownership of the proceeds derived from or traced to the commission of a designated offense, conveyance device, communications device or component, primary container, or weapon used cannot be determined or if the lawful owner can be determined and it is found the owner was privy to violation of a designated offense, the appropriate agency or prosecuting agency handling the forfeiture may:

(i) retain the proceeds which are derived from or traced to the commission of a designated offense, conveyance device, communications device or component, primary container, weapon used, or contraband property for official use; or

(ii) sell the proceeds which are derived from or traced to the commission of a designated offense, conveyance device, communications device or component, primary container, or weapon used in accordance with law. One-third of the proceeds from the sale, after payment of seizure, storage, forfeiture and sale expenses, and satisfaction of valid liens against the property, shall be forwarded to the prosecuting agency with jurisdiction over the criminal offense or the agency that handled the forfeiture pro-

ceedings at the request of the prosecuting agency for deposit in its operating fund, or similar fund; one-third of the proceeds shall be forwarded to the commission of public safety for disbursement pursuant to section 299C.065, and one-third of the proceeds shall be retained by the appropriate agency and deposited in its operating fund. Any local police relief association organized under chapter 423, which received or was entitled to receive the proceeds of any sale made under this section before August 1, 1984, shall continue to receive and retain the proceeds of these sales.

(emphasis added).

■ In general forfeitures are not favored. *See United States v. One 1970 Buick Riviera, Serial No. 949870H920701, 374 F.Supp. 277, 279 (D.Minn.1973) (construing federal forfeiture statute):*

While forfeiture proceedings are not of course, criminal in nature, their effect, when invoked, is to permanently deprive the owner of the forfeit property of its use. To the extent that the owner of forfeit property is caused loss and inconvenience resulting from the commission of certain offenses, the forfeiture provisions are punitive in effect and are subject to careful scrutiny by the Court.

*Id.* (footnote omitted). Since the implementation of the forfeiture provisions penalizes a defendant for participating in a designated offense, the forfeiture statute is in effect a quasi-penal statute. Penal statutes must be strictly construed and any doubt must be resolved in favor of the defendant. *State v. Olson,* 325 N.W.2d 13, 19 (Minn. 1982); *State v. Corbin,* 343 N.W.2d 874, 875–76 (Minn.Ct.App.1984).

Felony theft is a designated offense under the forfeiture statute. *See* Minn.Stat. § 609.531, subd. 1(g)(2). Under Minn.Stat. § 609.531, subd. 1, a "conveyance device" is a "device used for transportation in connection with a designated offense * * *." Conveyance devices "associated with the commission or utilized in the commission of a designated offense * * * shall be subject to forfeiture * * *." Minn.Stat. § 609.531, subd. 2. Minn.Stat. § 609.531, subd. 6 out-

lines the procedures which are to be followed in forfeiture proceedings.

■ To determine whether the trial court has discretion in imposing a forfeiture under the statute, the court must analyze the sequential proceedings outlined in Minn.Stat. § 609.531, subd. 6 and the specific language in subdivision 6(c), which states:

[I]f after conviction of a felony offense the court finds that the * * * conveyance device * * * was used in commission of a designated offense, it *may order* that the * * * conveyance device * * * be sold, used, or converted, or disposed of by the appropriate agency * * *.

(emphasis added). This court finds that a reasonable construction of the words *"may order,"* in the specific section governing forfeiture proceedings and the options for disposing of the forfeited property, was intended to provide the court with discretion to decide whether to order forfeiture and how to dispose of the forfeited property.

We find the introductory paragraph of subdivision 6 only explains the sequential order of the forfeiture proceedings. The words "shall be forfeited according to the following procedure" do not mean, as appellant urges, that forfeiture is mandatory, but instead mandates that forfeiture proceedings, if any, shall follow the procedures under subdivision 6. Since forfeiture is in effect an additional penalty which may be imposed for committing certain criminal offenses, it is reasonable to conclude that the words "may order" provides the court discretion in determining when that penalty should be imposed.

■ We find that the trial court had discretion to order forfeiture and did not abuse its discretion in declining to order forfeiture. The court noted Ricke was being punished for the theft and a forfeiture of the vehicle would be an "excessive penalty." As a condition of Ricke's probation, he is required to make restitution of $21,-730 and to reimburse $822 in attorney fees, within 30 months. To take away Ricke's transportation, a 1976 Buick LeSabre of negligible monetary value, in addition to

the previously imposed $22,000 in restitution and attorney fees, is overkill. On these facts, the trial court did not abuse its discretion by refusing to order forfeiture, even if it had determined Ricke's car was used in the commission of the felony theft.

Since we find the trial court has discretion in determining whether to order forfeiture, and that the refusal to order forfeiture in this case is not an abuse of discretion, we do not address the factual issue of whether the 1976 Buick LeSabre was a conveyance device used in the commission of the felony theft.

## DECISION

The trial court did not err in denying the city's summary motion in the forfeiture proceedings, nor did it abuse its discretion in declining to order forfeiture of the 1976 Buick LeSabre. The forfeiture action was properly dismissed.

Affirmed.