Jeffrey Scott **LANGFIELD,**
Petitioner, Appellant,

v.

**DEPARTMENT OF PUBLIC SAFETY,**
et al., Respondents.

No. C8–89–1408.

Court of Appeals of Minnesota.

Jan. 2, 1990.

---

Thomas M. Kelly, Kelly & Jacobson, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered and decided by KALITOWSKI, P.J., and HUSPENI and GARDEBRING, JJ.

## OPINION

HUSPENI, Judge.

When appellant was convicted of attempted burglary in the second degree his driver's license was revoked by the Commissioner of Public Safety for the use of a motor vehicle in the commission of a felony pursuant to Minn.Stat. § 171.17(3) (1988). The trial court denied appellant's petition for reinstatement and he appeals. We affirm.

## FACTS

Appellant and his brother drove to a location in Bloomington to commit a burglary. While his brother acted as a lookout, appellant attempted to enter the building, but was interrupted by an approaching security guard and fled, abandoning his burglary tools. Later, appellant and his brother returned to the burglary scene hoping to retrieve the tools. They were stopped and identified by Bloomington police officers. At the time of the stop, appellant was a passenger and his brother was the driver. Appellant was subsequently arrested and ultimately pleaded guilty to attempted burglary in the second degree.

When the district court reported appellant's conviction to the Department of Public Safety, the Commissioner of Public Safety ordered the revocation of appellant's driver's license for conviction of a felony in the commission of which a motor vehicle was used, under the authority of Minn.Stat. § 171.17(3).

The trial court in denying appellant's petition for reinstatement of his driver's license found he used a motor vehicle in the commission of a felony. The trial court also rejected appellant's claim that the statute should not apply to him because he was merely a passenger, and determined instead that the motor vehicle was used in fact by both parties to commit the felony.

## ISSUES

1. Does Minn.Stat. § 171.17(3) apply to one who is a passenger in a motor vehicle?

2. Is a motor vehicle "used" in the commission of a felony within the meaning of Minn.Stat. § 171.17(3) when the motor vehicle transports persons to and from the scene of an attempted burglary?

## ANALYSIS

I.

Minn.Stat. § 171.17 (1988) provides in relevant part:

The department shall forthwith revoke the license of any *driver* upon receiving a record of such *driver's* conviction of any of the following offenses:

(1) manslaughter or criminal vehicular operation resulting from the operation of a motor vehicle;

(2) any violation of section 169.-121[DWI] or 609.487 [fleeing a police officer];

(3) *any felony in the commission of which a motor vehicle was used;*

(4) failure to stop and disclose identity and render aid, as required under the laws of this state, in the event of a motor vehicle accident resulting in the death or personal injury of another;

(5) perjury or the making of a false affidavit or statement to the department under any law relating to the ownership or operation of a motor vehicle;

(6) except as this section otherwise provides, conviction, plea of guilty, or

forfeiture of bail not vacated, upon three charges of violating, within a period of 12 months any of the provisions of chapter 169, or of the rules or municipal ordinances enacted in conformance therewith for which the accused may be punished upon conviction by imprisonment;

(7) conviction of an offense [4]in another state which, if committed in this state, would be grounds for the revocation of the driver's license.

(Emphasis added.)

"Driver" is defined as:

Every person, who drives or is in actual physical control of a motor vehicle.

Minn.Stat. § 171.01, subd. 6 (1988). This definition is applicable to Minn.Stat. § 171.17 unless the language or context clearly indicates otherwise. Minn.Stat. § 171.01, subd. 1.

Appellant argues that section 171.17(3) by its language must be limited only to "drivers" and not extended to one like himself who was only a passenger. Appellant contends that if the legislature had intended section 171.17 to apply to passengers, it would have substituted the word "person" for "driver" throughout the statute.

The Commissioner responds that acceptance of appellant's argument would nullify Minn.Stat. § 171.17(5), which mandates revocation for one convicted of "perjury or the making of a false affidavit or statement to the department under any law relating to the ownership or operation of a motor vehicle," because such acts are not likely to occur while one is driving a vehicle. The Commissioner argues that the legislature intended a broader and different meaning than "one who drives or operates a motor vehicle" for the word "driver" in Minn.Stat. § 171.17. The Commissioner's argument is persuasive.

Appellant has the burden of proving he is entitled to reinstatement in a hearing pursuant to Minn.Stat. § 171.19. *McIntee v. State, Department of Public Safety*, 279 N.W.2d 817, 821 (Minn.1979). The standard for review by this court of an agency's interpretation of a statute is as follows:

When agency conclusions are based on legal rather than factual considerations

* * * the reviewing court is not bound by the agency's decision and need not defer to the agency's expertise. *Frost-Benco Electric Association v. Minnesota Public Utilities Commission*, 358 N.W.2d 639, 642 (Minn.1984). An agency's interpretation of legislative intent, while influential, cannot bind a court. *Bureau of Alcohol, Tobacco & Firearms v. Federal Labor Relations Authority*, 464 U.S. 89, 98 n. 8, 104 S.Ct. 439, 444 n. 8, 78 L.Ed.2d 195 (1983). When a statute is unambiguous, its wording controls over agency interpretations. *[Matter of] Kern Grain Co.*, 369 N.W.2d [565] at 570 [ (Minn.Ct.App.1985) ]. Nonetheless, "[w]hen the meaning of a statute is doubtful, courts should give great weight to a construction placed upon it by the department charged with its administration." *Krumm v. R.A. Nadeau Co.*, 276 N.W.2d 641, 644 (Minn.1979); *see also Goodman v. State, Department of Public Safety*, 282 N.W.2d 559, 560 (Minn.1979) (substantial consideration accorded to administrator's statutory interpretation).

*In re Minnesota Joint Underwriting Association*, 408 N.W.2d 599, 605 (Minn.Ct.App.1987). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1988).

The privilege of operating a motor vehicle is contingent upon compliance with conditions prescribed and is always subject to such regulation and control as the public authority may see fit to impose in the interests of public safety and welfare. *Anderson v. Commissioner of Highways*, 267 Minn. 308, 317, 126 N.W.2d 778, 784 (1964). Minn.Stat. ch. 171 addresses the issue of general welfare as well as issues specifically related to road safety. *Dehn v. Commissioner of Public Safety*, 442 N.W.2d 830, 831 (Minn.Ct.App.1989). The legislature, by enacting section 171.17(3), indicated it did not want to enable persons to use motor vehicles in the commission of felonies. The inclusion of section 171.17(5) demonstrates that the legislature did not intend to limit application of section 171.17 only to those actually driving or in physical

control of a vehicle. Revocation of appellant's license serves the legislative purpose of deterring the use of motor vehicles in crimes. Promotion of the public welfare requires that every felon who uses a motor vehicle in the commission of a crime should be subject to the license revocation provisions of section 171.17. The felon who is a passenger is as fully subject to the statute as the felon who is driving the vehicle.

## II.

Appellant argues that the vehicle was not actually used in the commission of a felony because appellant was merely transported as a passenger before and after the attempted burglary. We cannot agree and find persuasive the Commissioner's argument that even if appellant was not the driver, the vehicle was used to travel to the burglary scene, was used as a place from which to conduct the crime, and was used to depart the scene after the attempted burglary.

In *Dehn,* this court adopted a standard which had been established in Pennsylvania case law and held that the commission of criminal sexual conduct inside a motor vehicle, particularly when it was driven to the location at 4:00 a.m. and employed as a place of secrecy, involved the use of a motor vehicle which was integral to and contributed in a reasonable degree to the commission of the crime. *Id.*

In this case, the motor vehicle, which was used to transport appellant and his brother to and from the crime scene, was also an integral element of the crime. *See Commonwealth v. Hull,* 52 Pa.Commw. 334, 337, 416 A.2d 581, 583 (1980). Without the vehicle, the crime would not have been effected.

## DECISION

The order of the trial court denying appellant's petition for reinstatement of his driver's license is affirmed.

Affirmed.