**STATE of Minnesota, by the MENDOTA HEIGHTS POLICE DEPARTMENT and the Dakota County Attorney's Office, Respondents,**

v.

**Gary Dee COLEY, and a 1981 Oldsmobile, Oklahoma License XYM–581, Appellants.**

No. C9–89–2115.

Court of Appeals of Minnesota.

March 27, 1990.

James C. Backstrom, Dakota County Atty., Margaret J. Westin, Asst. County Atty., Hastings, for respondents.

Roger T. Sahr, Sahr, Kunert & Tambornino, Minneapolis, for appellants.

Considered and decided by WOZNIAK, C.J., and PARKER and SHORT, JJ.

## OPINION

PARKER, Judge.

Dakota County brought a forfeiture action under Minn.Stat. § 609.531 (1986) against Gary Dee Coley and his 1981 Oldsmobile automobile. The case was submitted to the trial court on cross-motions for summary judgment. Summary judgment was granted in favor of the county and final judgment was entered ordering forfeiture. On appeal Coley claims the tri-

al court erred in its application of the law. We reverse.

## FACTS

After Coley was convicted of first degree criminal sexual conduct, kidnapping and second degree assault under Minn.Stat. §§ 609.342, subd. 1(e)(i); 609.25; and 609.-222, Dakota County brought a forfeiture action against his automobile. The parties stipulated that "none of [the evidence presented at trial] had anything to say about the use or the presence or the relationship of the motor vehicle which is the subject of the civil action to the criminal charges for which Mr. Coley was found guilty." The facts supporting the forfeiture were based on Coley's post-trial deposition.

On May 11, 1988, Coley drove his 1981 Oldsmobile from Oklahoma to the Twin Cities. The record does not reveal when or where he arrived in the Twin Cities. The next morning he took a bus from Signal Hills Shopping Center to his ex-wife's home and then entered, where he engaged in conduct toward his former wife which resulted in his criminal conviction. There is nothing in the record to show he used the car on the day of the crime; the record is simply silent.

Coley was arrested three days later at a friend's home. His automobile was present at the scene of his arrest.

## ISSUE

Did the trial court err in finding Coley's automobile subject to forfeiture?

## DISCUSSION

■ Upon review of a summary judgment, this court determines only whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). When reviewing the trial court's application of the law to undisputed facts, this court gives no deference to the court below. *See A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

The parties agree that there are no issues of material fact. Coley claims that the evidence presented in the forfeiture proceeding does not, as a matter of law, support the conclusion that his car was subject to forfeiture as a conveyance device under Minn.Stat. § 609.531 (1986).[1]

■ In *City of Faribault v. One 1976 Buick LeSabre*, 408 N.W.2d 584 (Minn.Ct. App.1987), this court set forth the standard used for interpreting the 1986 forfeiture statute:

In general forfeitures are not favored. *See United States v. One 1970 Buick Riviera, Serial No. 949870H920701*, 374 F.Supp. 277, 279 (D.Minn.1973) (construing federal forfeiture statute):

While forfeiture proceedings are not of course, criminal in nature, their effect, when invoked, is to permanently deprive the owner of the forfeit property of its use. To the extent that the owner of forfeit property is caused loss and inconvenience resulting from the commission of certain offenses, the forfeiture provisions are punitive in effect and are subject to careful scrutiny by the Court.

*Id.* (footnote omitted). Since the implementation of the forfeiture provisions penalizes a defendant for participating in a designated offense, the forfeiture statute is in effect a quasi-penal statute. Penal statutes must be strictly construed and

---

1. The 1986 statute applies to Coley's crime, committed before the effective date of the 1988 amendments to the forfeiture statute. 1988 Minn.Laws ch. 665, § 18. The trial court cited the wrong statute and ordered the automobile forfeited under Minn.Stat. § 609.5312 (1988), which provides for forfeiture of personal property "used to commit or facilitate the commission of a designated offense." While this language does not appear to be greatly different from the "associated with * * * the commission of a designated offense" language of the 1986 statute, *see* Minn.Stat. § 609.531, subd. 2(a) (1986), the definition of "conveyance device" is different. Had the trial judge applied the 1986 statute, as we do here, he could not have found Coley's automobile subject to forfeiture.

any doubt must be resolved in favor of the defendant. *State v. Olson,* 325 N.W.2d 13, 19 (Minn.1982); *State v. Corbin,* 343 N.W.2d 874, 875–76 (Minn.Ct. App.1984).

*Id.* at 588. The trial court has discretion in determining whether to order forfeiture. *Id.* at 588–89.

■ Minn.Stat. § 609.531 (1986) provides that

conveyance devices * * * associated with the commission or utilized in the commission of a designated offense * * * shall be subject to forfeiture * * *.

*Id.*, subd. 2(a) (1986).

"Conveyance device" means a device used for transportation *in connection with* a designated offense and includes, but is not limited to [ ] motor vehicles.

*Id.*, subd. 1(a) (emphasis supplied). The definition of "designated offenses" includes Minn.Stat. §§ 609.342, subd. 1(e)(i); 609.25; and 609.222, the offenses of which Coley was convicted. Minn.Stat. § 609.531, subd. 1(g)(2).

The county argues that this court can apply a broad construction to the statute and hold that the language, "associated with the commission or utilized in the commission of a designated offense," is broad enough to support the trial court's finding that Coley's car is subject to forfeiture. The 1988 statute cited to support the county's argument directs that the forfeiture statute be liberally construed to carry out certain remedial purposes. Minn.Stat. § 609.531, subd. 1a (1988). This provision was added in 1988 and may not be applied to an interpretation of the 1986 statute.

The county also cites *Langfield v. Department of Public Safety,* 449 N.W.2d 738 (Minn.Ct.App.1990), for the contention that a motor vehicle is "used in the commission" of a crime when it is used to transport the defendant to the scene of a crime. This argument fails on two points. First, unlike the strict statutory construction we must follow here, *Langfield* involved interpretation of the driver's licensure statute, which is subject to liberal construction. *See Dehn v. Commissioner of Public Safety,* 442 N.W.2d 830, 832 (Minn.Ct.App.

1989). Second, there is no evidence that Coley drove his car to the scene of the crime; even under *Langfield,* it cannot follow that he "utilized" his automobile in the commission of a crime.

The trial court seems to have decided that Coley's use of his car to drive to the Twin Cities from Oklahoma the day before the crime is sufficient connection to the crime to subject the car to forfeiture. The trial court did not make any findings on Coley's use of his car on the day of the crime, nor could it have made any such finding based on the record presented. There is no evidence that he came to the Twin Cities for the purpose of criminally assaulting his wife or to commit any other crime. On these facts, a finding that Coley's car was associated with the commission of a crime is not warranted; there is not a sufficient nexus shown between his proved use of the car and the commission of the crime to support forfeiture. *See United States v. One 1971 Chevrolet Corvette Automobile,* 496 F.2d 210, 212 (5th Cir.1974) (finding that changing cars to present a less attractive presence at the rendevous point lacked sufficient "nexus" with the contraband transaction to constitute "facilitation" and bring the Corvette within the forfeiture provision of 49 U.S.C. App. § 781(a)(3)).

Finally, Coley's use of his car does not satisfy the definition of "conveyance device" found in the 1986 statute. "Conveyance device" is a device used for transportation *"in connection with* a designated offense." Minn.Stat. § 609.531, subd. 1(a). Coley specifically avoided using his car "in connection with" the offense.

### DECISION

On the record presented, there is no evidence supporting forfeiture under the 1986 statute. The trial court erred in granting forfeiture.

Reversed.