**William John LUKKASON, Appellant,**

v.

**1993 CHEVROLET EXTENDED CAB PICKUP, Respondent.**

No. C4–98–1901.

Court of Appeals of Minnesota.

March 16, 1999.

Review Denied May 18, 1999.*

* Anderson, Russell A., J., took no part in the consideration or decision of this case.

Tom Stephen Kuesel, Fuller, Baer, Wallner & Anderson, Bemidji, for appellant.

Michael A. Hatch, Attorney General, St. Paul, Kip Fontaine, Clearwater County Attorney, and Jeanine R. Brand, Assistant County Attorney, Bagley, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, SHUMAKER, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY,** Judge.

On appeal from summary judgment, William John Lukkason challenges the forfeiture of his vehicle under Minn.Stat. § 169.1217 (1998). The district court determined that forfeiture of the vehicle, used in committing appellant's third DWI offense within five years, did not violate the Double Jeopardy Clause, the Excessive Fines Clause, the Takings Clause, or the Due Process Clause of either the Minnesota or United States Constitutions. We affirm.

## FACTS

On May 17, 1998, William John Lukkason was arrested for driving while under the influence of alcohol (DWI). Lukkason had two prior DWI convictions, in 1995 and 1996. Incident to Lukkason's arrest, the police seized Lukkason's 1993 Chevrolet extended cab pickup truck, valued at $13,550, for forfeiture under Minn.Stat. § 169.1217. Pursuant to the vehicle forfeiture statute, Lukka-

son filed a civil complaint alleging that his truck was improperly seized. On parties' cross-motions for summary judgment, the district court found that the 1993 Chevy pickup truck was subject to forfeiture.

## ISSUES

I. Does vehicle forfeiture under Minn. Stat. § 169.1217 violate appellant's substantive due process rights?

II. Is forfeiture under Minn.Stat. § 169.1217 an unconstitutional taking?

III. Does vehicle forfeiture under Minn. Stat. § 169.1217 violate constitutional prohibitions against double jeopardy and excessive fines?

## ANALYSIS

■ On appeal from summary judgment, we ask (1) whether there are any genuine issues of material fact, and (2) whether the lower court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). A statute's constitutionality is a question of law, which we review de novo. *Estate of Jones by Blume v. Kvamme,* 529 N.W.2d 335, 337 (Minn.1995). One who challenges the constitutionality of a statute must overcome every presumption in favor of its constitutionality. *Miller Brewing Co. v. State,* 284 N.W.2d 353, 356 (Minn. 1979). Absent good reasons, we will apply federal interpretations to a state constitutional provision with "almost identical" language to the federal.[1] *City of Pine Springs v. One 1992 Harley Davidson,* 555 N.W.2d 749, 752 (Minn.App.1996).

Minnesota's vehicle forfeiture statute provides for forfeiture of a vehicle used in the commission of a "designated offense." Minn. Stat. § 169.1217, subd. 6 (1998). "Designated offense" includes a DWI violation "within five years of two prior impaired driving convictions." *Id.,* subd. 1(c)(1)(i) (1998). Upon commission of the designated offense, "all right, title, and interest in a vehicle subject to forfeiture * * * vests in the appropriate agency." *Id.,* subd. 3 (1998). Once a judicial

---

** Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Unless otherwise stated, the federal constitutional provisions at issue here are virtually identical to their Minnesota counterparts.

determination of forfeiture has been made, the statute directs the agency to either sell the vehicle and use the proceeds for DWI-related enforcement, training, and education or to keep the vehicle for official use. *Id.,* subd. 9(a), (b) (1998). Lukkason admits that he committed a designated offense, but contends forfeiture of his vehicle is unconstitutional.

## I. Substantive Due Process

■■■ Lukkason first argues that the motor vehicle forfeiture statute violates substantive due process protections in our federal and state constitutions. *See* U.S. Const. Amends. V, XIV; Minn. Const. art. I, § 7. When legislation does not employ suspect classifications or impinge on fundamental rights, it need only be rationally related to a legitimate governmental purpose in order to withstand a federal equal protection or substantive due process challenge. *Hodel v. Indiana,* 452 U.S. 314, 331, 101 S.Ct. 2376, 2387, 69 L.Ed.2d 40 (1981). Moreover, "such legislation carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." *Id.* at 331–32, 101 S.Ct. at 2387. Legislation will fail rational basis review only when it rests on grounds irrelevant to the achievement of a plausible governmental objective. *Heller v. Doe,* 509 U.S. 312, 324, 113 S.Ct. 2637, 2645, 125 L.Ed.2d 257 (1993).

■ Essentially the same analysis and standards apply under the Minnesota Constitution. Unless a fundamental right is limited or a classification is based on a suspect class, minimal judicial scrutiny of legislation is appropriate. *Essling v. Markman,* 335 N.W.2d 237, 239 (Minn.1983). The legislation is constitutional if it is not unreasonable, arbitrary, or capricious and bears a rational relation to the public purpose it seeks to promote. *Arcadia Dev. Corp. v. City of Bloomington,* 552 N.W.2d 281, 288 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996); *Grussing v. Kvam Implement Co.,* 478 N.W.2d 200, 202 (Minn.App.1991).

■ Vehicle forfeiture under Minn.Stat. § 169.1217 has the remedial purpose of pro-

tecting the public from the known danger of intoxicated drivers. *City of New Hope v.1986 Mazda 626,* 546 N.W.2d 300, 303–304 (Minn.App.1996). Although *City of New Hope* was not addressing a due process challenge, this court expressly stated that "there is a clear rational relation between vehicle forfeiture under Minn.Stat. § 169.1217 and its remedial purpose." *Id.* at 304. We explained:

> The primary remedial purpose of protecting public safety is effectuated by vehicle forfeiture. The statute applies only where the driver of the vehicle has not heeded the warnings of previous sentences and license revocations. Only where those sanctions have failed is the instrumentality forfeited as another means toward the desired end of removing intoxicated drivers from public streets and highways.

*Id.*

At oral argument, Lukkason's counsel agreed that taking the vehicle out of Lukkason's hands is rationally related to the legitimate public purpose of getting intoxicated drivers off the streets. According to Lukkason, however, the statute fails rational basis review because it further permits the state to (1) keep the vehicle without compensating him for its lost value or (2) keep the sale proceeds of the vehicle rather than turning them over to him. Lukkason maintains that depriving him of the car's monetary value has no relation to the objective of keeping drunk drivers off the streets. Lukkason's argument is unpersuasive.

■■■ The legislature chose forfeiture as the means to achieve its desired remedial objective. Civil forfeitures are designed to confiscate property used in violation of the law. *United States v. Ursery,* 518 U.S. 267, 284, 116 S.Ct. 2135, 2145, 135 L.Ed.2d 549 (1996).[2] By their very nature, forfeitures entail the loss of compensatory interests in forfeited property. In fact, under the statutory scheme, once the district court determined the car was subject to forfeiture, Lukkason had no further property interest

---

**2.** We are of course mindful that civil *in rem* forfeitures are the product of an historical legal fiction that treats the property as the guilty offender. Civil forfeiture actions are thus directed against the "guilty property," rather than against the offender himself. *Ursery,* 518 U.S. at 283, 116 S.Ct. at 2144–45.

except the right to appeal the forfeiture. *See* Minn.Stat. § 169.1217, subds. 3, 9 (once car judicially forfeited, all interests in vehicle vest in state agency, which is directed to sell car or use reasonable efforts to use vehicle in drug abuse resistance education). Moreover, the statute directs the agency to use the vehicle's sale proceeds to further its remedial DWI-related activities. *Id.*, subd. 9. Because vehicle forfeiture is a reasonable means to a permissive objective, we conclude that the statute withstands substantive due process scrutiny.

## II. Takings Challenge

The United States and Minnesota Constitutions prohibit the taking of private property for public use without just compensation. U.S. Const. Amend. V; Minn. Const. art. I, § 13. The government is generally not required, however, to compensate an owner for property that it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain. *Bennis v. Michigan*, 516 U.S. 442, 452, 116 S.Ct. 994, 1001, 134 L.Ed.2d 68 (1996). *Bennis* involved a motor vehicle forfeiture under a state public nuisance statute. The Supreme Court held that the forfeiture of the motor vehicle used in criminal activity did not violate the federal Takings Clause. *Id.* (observing that state legislature's purpose was to deter illegal activity contributing to neighborhood deterioration and unsafe streets). Vehicle forfeiture under Minn.Stat. § 169.1217 is an exercise of the state's police power in the protection of public safety. As in *Bennis*, the forfeiture statute serves a legitimate purpose. Accordingly, forfeiture of Lukkason's truck is not an unconstitutional taking.

3. The truck's N.A.D.A.book value is $13,500. Lukkason claims the truck's value to him is $11,534.92, the amount remaining after subtracting the balance of his auto loan.

4. In *Ursery*, the Court soundly declined to import excessive fines analysis of civil forfeitures into its double jeopardy jurisprudence, particularly with respect to whether a civil sanction is characterized as punitive or remedial. 518 U.S. at 287, 116 S.Ct. at 2147. The Court explained that the

## III. Double Jeopardy and Excessive Fines Claims

Finally, Lukkason argues that forfeiture of his vehicle is equivalent to an $11,534.92 [3] criminal penalty, which violates both the Double Jeopardy and Excessive Fines Clauses of the Minnesota and United States Constitutions. Constitutional analysis of civil forfeiture under the Double Jeopardy Clause is separate and distinct from that under the Excessive Fines Clause. *Ursery*, 518 U.S. at 286–87, 116 S.Ct. at 2146–47.[4] To determine whether a civil forfeiture constitutes "punishment" for double jeopardy purposes, courts follow the two-step test articulated in *Ursery*, 518 U.S. at 288, 116 S.Ct. at 2147. Under that test, courts must first examine the governing statute to determine whether forfeiture was intended to be, or by its nature, necessarily is, criminal and punitive rather than civil and remedial. *Id.* If the legislature designates forfeiture as civil, the court presumes that forfeiture does not implicate double jeopardy concerns. *Id.* at 289 n. 3, 116 S.Ct. at 2148 n. 3. The Supreme Court next requires a showing by the "clearest proof" that a forfeiture under the statutory scheme is so punitive in form and effect as to render it criminal. *Id.* at 290, 116 S.Ct. at 2148.

This court has already applied *Ursery* to Minn.Stat. § 169.1217 and determined that it passes the constitutional test for double jeopardy. *Pine Springs*, 555 N.W.2d at 751–52. In *Pine Springs*, we noted that forfeiture designed to achieve nonpunitive goals may still have punitive aspects without violating the Double Jeopardy Clause. *Id.* We therefore reject Lukkason's double jeopardy claim.

The punitive aspects of the primarily remedial vehicle forfeiture statute, however, place it within the purview of the Eighth Amendment's Excessive Fines Clause.[5]

Eighth Amendment Excessive Fines Clause has never been understood "as parallel to, or even related to, the Double Jeopardy Clause of the Fifth Amendment" and that "a significant difference exists between the purposes of [its] analysis under each constitutional provision." 518 U.S. at 285, 116 S.Ct. at 2146.

5. Minnesota's Excessive Fines Clause is found at Minn. Const. art. I, § 5.

*Austin v. U.S.*, 509 U.S. 602, 621–22, 113 S.Ct. 2801, 2812, 125 L.Ed.2d 488 (1993) (civil sanctions, such as forfeitures of vehicles used in commission of drug-related crimes, that cannot fairly be characterized as serving *solely* a remedial purpose, but also have deterrent or retributive purposes, are subject to Excessive Fines Clause's limitations). The *Austin* Court did not announce a test for determining whether a civil sanction is excessive, leaving it to lower courts to consider the question in the first instance. *Id.* at 622–23, 113 S.Ct. at 2812.

This court rejected an excessive fines challenge to the vehicle forfeiture statute in *City of Worthington Police Dep't v. One 1988 Chevrolet Berreta*, 516 N.W.2d 581 (Minn. App.1994) (finding forfeiture of car valued between $2500 and $4500 not constitutionally excessive). The court noted that Minnesota does not use proportionality analysis to determine the constitutional validity of forfeiture under the excessive fines clause. *Id.* at 584. "[I]f the use of property plays a significant part in committing the offense, then the property may be forfeited, no matter what its value." *Id.* Nevertheless, Lukkason maintains that the forfeiture of his truck is an unconstitutional excessive fine because an $11,534.92 fine (the value of the truck to him) is grossly disproportional to the $3,000 maximum criminal fine for a DWI violation. We consider Lukkason's argument in light of *United States v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 2036, 141 L.Ed.2d 314 (1998).

In *Bajakajian*, the Supreme Court adopted a gross disproportionality test to determine whether a punitive *in personam* monetary forfeiture imposed during a criminal proceeding violated the federal Excessive Fines Clause. 118 S.Ct. at 2036. The Court, in some length, expressly distinguished the criminal *in personam* forfeiture from civil *in rem* forfeitures that are generally remedial in nature. *Id.* at 2034–35, 2039–41. It concludes that because the criminal forfeiture was clearly punishment and thus a "fine" within the meaning of the Excessive Fines Clause, it must be examined for excessiveness. *Id.* at 2036. In a footnote, the Court reaffirmed its holding in *Austin* that a civil *in rem* forfeiture may be subject to review under the Excessive Fines Clause:

It does not follow, of course, that all modern civil *in rem* forfeitures are nonpunitive and thus beyond the coverage of the Excessive Fines Clause. Because some recent federal forfeiture laws have blurred the traditional distinction between civil *in rem* and criminal *in personam* forfeiture, we have held that a modern statutory forfeiture is a "fine" for Eighth Amendment purposes if it constitutes punishment even in part, regardless of whether the proceeding is styled *in rem* or *in personam*.

*Id.* at 2035 n. 6 (citing *Austin*, 509 U.S. at 621–22, 113 S.Ct. at 2811–12 (involving civil forfeiture of property used in commission of drug crime)).

Without determining whether the Supreme Court has, with this footnote, adopted a gross disproportionality test for civil *in rem* forfeitures, we find that forfeiture of Lukkason's truck meets the constitutional excessiveness standard set out in *Bajakajian*. Forfeiture is unconstitutional "if the amount of the forfeiture is grossly disproportional to the *gravity of defendant's offense*." *Bajakajian*, 118 S.Ct. at 2038 (emphasis added). In *Bajakajian*, customs officers seized currency totaling $357,144 from a man who had failed to report, in violation of federal law, the full amount of currency he was transporting. Comparing the gravity of the offense with the amount of the forfeiture, the Court concluded that forfeiture of the entire $357,144 violated the Excessive Fines Clause because the crime was solely a reporting offense. *Id.* The Court also observed that the money was earned lawfully and was to be used for a lawful purpose, and the man did not fit into the class of persons the statute was designed for (money launderer, drug trafficker, or tax evader). *Id.*

In enacting the vehicle forfeiture statute, the legislature was concerned with the well-documented dangers of intoxicated drivers on streets and highways and the particularly troubling problem of multiple DWI offenders, such as Lukkason, who continue to expose the public to these dangers. In light of the seriousness of the risks associated with multiple DWI-related occurrences, we conclude that forfeiture of Lukkason's truck is

not grossly disproportional to the gravity of a repeat DWI violation.

## DECISION

The district court did not misapply the law in granting summary judgment.

**Affirmed.**