**In the Matter of the WELFARE OF E.D.J.**

No. C0–92–862.

Court of Appeals of Minnesota.

Nov. 24, 1992.

Review Granted Jan. 15, 1993.

John M. Stuart, State Public Defender, William R. Kennedy, Hennepin County Public Defender and Warren R. Sagstuen, Asst. County Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty. and Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by AMUNDSON, P.J., and LANSING and PETERSON, JJ.

## OPINION

LANSING, Judge.

On appeal from conviction for cocaine possession, E.D.J. challenges the district court's refusal to suppress evidence as the fruit of an illegal seizure. We affirm the district court's application of federal law to conclude that E.D.J. abandoned the evidence before any seizure occurred.

## FACTS

Minneapolis police retrieved crack cocaine from a "baggie" dropped on a sidewalk after officers ordered three individuals to stop. Two of the individuals complied with the order, but the third, E.D.J., did not. As E.D.J. kept walking, one of the officers saw him drop the baggie. The second officer again ordered E.D.J. to stop, and he complied. The first officer re-

trieved the baggie from the sidewalk. Tests later revealed that the baggie contained crack cocaine.

E.D.J. was arrested and charged with fifth degree possession of a controlled substance. Minn.Stat. § 152.025, subd. 2(1) (1990). E.D.J. moved to suppress the cocaine as fruit of an illegal seizure. The district court, juvenile division, denied E.D.J.'s motion on the ground that he had abandoned the cocaine prior to the seizure, and, therefore, the constitutional protections for seizures did not apply. At trial the court ruled that the petition was proved, and following a disposition hearing, E.D.J. was placed on probation and ordered to perform forty hours of community service. E.D.J. appealed. The Minnesota Supreme Court denied E.D.J.'s petition for accelerated review.

### ISSUE

Did a seizure occur when the police officer first ordered E.D.J. to stop or when E.D.J. in fact submitted to the officer's show of authority?

### ANALYSIS

█ The language of Article I, Section 10 of the Minnesota Constitution is almost identical to the Fourth Amendment of the United States Constitution. Section 10 guarantees:

> The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized.

The United States Supreme Court defined "seizure" of a person in *California v. Hodari D.*, —— U.S. ——, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). It stated that seizure of a person occurs in one of two ways: (1) when a law enforcement officer physi-

cally lays a hand on the person, or (2) when the person submits to the officer's show of authority. *Id.* at ——, 111 S.Ct. at 1551. This holding recast a previous standard that defined a Fourth Amendment seizure as a show of authority or application of physical force that would give rise to a reasonable belief that the individual was not free to leave. *U.S. v. Mendenhall*, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

In *Hodari D.*, a group of young people, including Hodari, fled as police approached. One officer chased Hodari, and when the officer almost reached him, Hodari threw a small rock. The officer tackled him and recovered the rock, which turned out to be crack cocaine. In a 7–2 decision, the Supreme Court held that Hodari had abandoned the cocaine before any seizure occurred; hence, the cocaine was not the fruit of a seizure and Fourth Amendment protections were not implicated.

This case is factually similar to *Hodari D.* It is undisputed that E.D.J. dropped the baggie before he stopped or otherwise submitted to police authority and before the police physically laid a hand on him. E.D.J. admits that the evidence is admissible if the *Hodari D.* precedent defining seizure is applied. Instead, E.D.J. argues that Minnesota should depart from *Hodari D.* in defining seizure of a person under Article I, Section 10 of the state constitution.

The Minnesota Supreme Court may interpret a provision of the state constitution more stringently than an identical provision of the federal constitution, but it will not do so lightly. *State v. Sorenson*, 441 N.W.2d 455, 457 (Minn.1989). The supreme court will not "cavalierly construe our constitution more expansively than the United States Supreme Court has construed the federal constitution." *State v. Fuller*, 374 N.W.2d 722, 726–27 (Minn.1985).

There may be compelling reasons for Minnesota to interpret Article I, Section 10 of our state constitution differently than

the United States Supreme Court has interpreted the Fourth Amendment in *Hodari D.* However, E.D.J. has not articulated any historical basis for a divergent interpretation nor cited any Minnesota cases which would give this court guidance in departing from the federal interpretation. *Cf. State v. Russell,* 477 N.W.2d 886, 888 (Minn.1991) (since the early 1980s, the Minnesota Supreme Court has articulated a rational basis test in equal protection cases that differs from the federal standard); *O'Connor v. Johnson,* 287 N.W.2d 400, 405 (Minn.1979) (unlike the federal constitution, Article I, Section 10 of the state constitution requires a subpoena duces tecum when obtaining documents held by an attorney).

In advocating a departure from the federal interpretation, E.D.J. states that *Hodari D.* "does not reflect the values and expectations of the people of Minnesota as they contemplate the ability of the police to stop citizens on the street." He also asserts that *Hodari D.* "has the effect of further polarizing the communities of color from the government which nominally seeks to protect them." However, standing alone, these statements form an insufficient basis for this court to adopt a definition of seizure that diverges from the federal definition. The Minnesota Supreme Court has not adopted or rejected the April 1991 *Hodari D.* standard. E.D.J. has pointed to no Minnesota case law, before or after *Hodari D.,* which suggests that the supreme court would decline to apply the United States Supreme Court interpretation.

■ In interpreting state constitutional provisions that contain language almost identical to federal constitutional provisions, we will not reject federal interpretations without good reasons. Good reasons include evidence of special conditions in Minnesota which would distinguish the federal approach, Minnesota traditions or history that justify a divergent interpretation, or case law demonstrating that the Minnesota Supreme Court has questioned application of federal precedent. *See Sorenson,*

441 N.W.2d at 460 (Kelley, J., concurring specially). These reasons have not been presented in this appeal.

## DECISION

There is insufficient basis for interpreting Article I, Section 10 of the state constitution differently than the United States Supreme Court's interpretation of nearly identical language in the Fourth Amendment of the federal constitution. We affirm the district court's application of the federal definition of seizure of a person.

Affirmed.