CITY OF PINE SPRINGS, Respondent,

v.

ONE 1992 HARLEY DAVIDSON, VIN: 1HD1DJL10NY510116, LICENSE NO: 20438MC, Appellant.

No. C9–96–884.

Court of Appeals of Minnesota.

Nov. 5, 1996.

Jennifer M. Dietz, Lawson, Marshall, Mc-

Donald & Galowitz, P.A., Lake Elmo, for Respondent.

Peter D. Mellom, West St. Paul, for Appellant.

Considered and decided by HARTEN, P.J., and CRIPPEN and FORSBERG,* JJ.

## OPINION

CRIPPEN, Judge.

Claimant had an accident while riding his motorcycle (the appellant in proceedings taken *in rem*) with an alcohol concentration of over .10 percent. Respondent City of Pine Springs seized the motorcycle and served a summons and complaint for forfeiture. Claimant subsequently pleaded guilty to Driving With an Alcohol Concentration of .10 or more, a gross misdemeanor. Minn.Stat. § 169.121, subds. 1(d), 3(c)(1) (1994). At the forfeiture proceeding, the trial court found that the taking was proper and that it did not violate the Double Jeopardy Clause of either the United States or Minnesota Constitutions.

## FACTS

The parties have stipulated to the facts. After claimant drove his motorcycle into a ditch, emergency personnel took him to a local hospital where, at the direction of a peace officer, the treating physician drew a blood sample. A subsequent test by the Bureau of Criminal Apprehension indicated that claimant's alcohol concentration was .19 percent, well over the legal limit in Minnesota. Furthermore, at the time of the accident, claimant's driver's license had been cancelled due to a previous Driving While Intoxicated (DWI) offense. As such, claimant's motorcycle was subject to forfeiture under Minn.Stat. § 169.1217 (1994 & Supp.1995). Prior to the criminal trial, claimant pleaded guilty to one count of gross misdemeanor DWI. At the subsequent forfeiture trial, the court found that civil forfeiture of the motorcycle was proper and that it did not constitute double jeopardy.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

## DECISION

■ Where a case is decided on stipulated facts, the only issue on appeal is whether the trial court erred in its application of the law. *Fingerhut Corp. v. Suburban Nat'l Bank,* 460 N.W.2d 63, 65 (Minn.App.1990). A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984). Consequently, we review the issue of double jeopardy de novo.

■ The Fifth Amendment to the United States Constitution provides that "[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similarly, the Minnesota Constitution provides that "no person shall be put twice in jeopardy of punishment for the same offense." Minn. Const. art. I, § 7. The Double Jeopardy Clauses of the United States and Minnesota Constitutions prohibit both multiple punishment and successive prosecution. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Thus, a criminal adjudication followed by a civil forfeiture, or vice versa, violates double jeopardy only if the forfeiture constitutes "punishment."

This court recently held that forfeiture of an automobile under Minn.Stat. § 169.1217 (1994 & Supp.1995) does not constitute "punishment" for the purposes of double jeopardy. *City of New Hope v. 1986 Mazda 626,* 546 N.W.2d 300, 304 (Minn.App.1996). In *1986 Mazda 626,* the court based its double jeopardy analysis on the Minnesota Supreme Court case of *State v. Hanson,* 543 N.W.2d 84, 87–89 (Minn.1996). *1986 Mazda 626,* 546 N.W.2d at 303–04. In *Hanson,* analyzing the Double Jeopardy Clauses of the United States and Minnesota Constitutions, the court held that a civil driver's license revocation for driving under the influence does not ·bar subsequent criminal prosecution for the

pointment pursuant to Minn. Const. art. VI, § 10.

same conduct. *Id.* at 88–90. The *Hanson* court adopted the "solely deterrent/retributive" test of *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), which permits the imposition of a second, civil sanction "that can 'fairly be characterized as remedial,' but also may deter or punish the offender." *Hanson,* 543 N.W.2d at 87–88 (citation omitted). In addition to *1986 Mazda 626,* several other Minnesota cases also have applied the reasoning in *Hanson* and *Halper* to determine whether civil forfeitures violate double jeopardy. *See, e.g., Freeman v. 1215 East 21st Street,* 552 N.W.2d 275, 276–77 (Minn.App.1996) (applying *Hanson* to a civil forfeiture); *State v. Rosenfeld,* 540 N.W.2d 915, 919–20 (Minn. App.1995) (same).

Most recently, the United States Supreme Court indicated that several federal courts of appeal had misread *Halper* and erroneously applied its holding to civil forfeitures. *United States v. Ursery,* —— U.S. ——, ——, 116 S.Ct. 2135, 2144, 135 L.Ed.2d 549 (1996). The Court distinguished *Halper* from the forfeiture cases on the basis that *Halper* "involved not a civil *forfeiture,* but a civil *penalty,*" and it added that "[i]t is difficult to see how the rule of *Halper* could be applied to a civil forfeiture." *Id.* at —— – ——, 116 S.Ct. at 2144–45. According to the Court in *Ursery,* the test for determining whether an *in rem* forfeiture constitutes an impermissible second punishment is derived from a long line of Supreme Court precedent. *Id.* at —— – ——, 116 S.Ct. at 2140–42 (citing *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984); *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (per curiam); *Various Items of Personal Property v. United States,* 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 558 (1931)).

■ To determine whether a civil *in rem* forfeiture constitutes "punishment" for the purposes of double jeopardy, courts must follow a two-step inquiry. *Id.* at ——, ——, 116 S.Ct. at 2142, 2147. First, courts must look to the governing statute to discover whether the forfeiture proceeding was intended to be, or by its nature necessarily is, criminal and punitive rather than civil and remedial. *Id.* And the fact "[t]hat a forfeiture is designated as civil by Congress and proceeds *in rem* establishes a presumption that it is not subject to double jeopardy." *Id.* at —— n. 3, 116 S.Ct. at 2148 n. 3. Next, courts must look to whether the statutory scheme is " 'so punitive either in purpose or effect as to negate' [the legislature's] intention to establish a civil remedial mechanism." *Id.* at ——, ——, 116 S.Ct. at 2142, 2147. For a civil forfeiture to constitute an impermissible second "punishment," the Supreme Court requires a showing by the "clearest proof" that a forfeiture under the statutory scheme is so punitive such that it is equivalent to a criminal proceeding. *Id.* at —— n. 3, 116 S.Ct. at 2148 n. 3. Under this test, the Court in *Ursery* determined that civil forfeitures under both 21 U.S.C. § 881 (1994) and 18 U.S.C. § 981 (1994) did not constitute "punishment" for purposes of the Double Jeopardy Clause of the United States Constitution. *Id.* at —— – ——, 116 S.Ct. at 2147–49. The Court declared that Congress intended to create a civil remedy through the forfeiture statutes and that there was no showing by the clearest proof that either statute was so punitive such that it was equivalent to a criminal proceeding. *Id.*

■ In the present case, appellant concedes that a forfeiture proceeding under Minn.Stat. § 169.1217 is civil and that the legislature intended it to be so. *See 1986 Mazda 626,* 546 N.W.2d at 302 (assuming that forfeiture under Minn.Stat. § 169.1217 is a civil proceeding). As a result, for federal law purposes, this court must determine whether the statutory scheme is so punitive so as to negate the legislature's intent to establish a civil, remedial mechanism. Although the claimant here may feel the sting of punishment, we decline to find that the forfeiture of claimant's motorcycle is the equivalent of a criminal proceeding. Forfeiture of motor vehicles serves the purpose, among others, of protecting the public. *See id.* at 303. The fact that § 169.1217 may have certain punitive aspects does not render it an impermissible "punishment." *See Ursery,* —— U.S. at ——, 116 S.Ct. at 2148 (recognizing that 21 U.S.C. § 881 and 18

U.S.C. § 981 may have punitive aspects while at the same time "serv[ing] important non-punitive goals").

■ Claimant has stated his contention on appeal in terms of both the United States and the Minnesota Constitutions but has not argued that double jeopardy is viewed more expansively under the state constitution. Absent "good reasons" for a different view, we will apply federal interpretations to a state constitutional provision with "almost identical" language to the federal. *In re Welfare of E.D.J.*, 492 N.W.2d 829, 831 (Minn.App.1992) *rev'd on other grounds*, 502 N.W.2d 779 (Minn.1993). We also note that the holdings in *Hanson* and its progeny, even without employing the more limiting holding of *Ursery*, require the same result for the forfeiture in this case.

We affirm the trial court's determination that the civil forfeiture in this case does not constitute double jeopardy. In doing so, our application of *Ursery* is limited to civil *in rem* forfeitures. Consequently, the Minnesota Supreme Court's holding in *Hanson* and the "solely deterrent/retributive" test remain the proper standard under which to determine whether civil penalties such as driver's license revocations violate double jeopardy.

**Affirmed.**