669 N.W.2d 379 (2003)
Randy John SCHUG, Appellant,
v.
NINE THOUSAND NINE HUNDRED SIXTEEN DOLLARS AND FIFTY CENTS IN U.S. CURRENCY, Respondent, and
Michael A. Fahey, Carver County Attorney, Respondent,
v.
1994 Red Chevrolet K-1500 PK, VIN 2GCEKK19K2R1128848, Vehicle License Plate No. FFT 630, Respondent.
No. A03-198.
Court of Appeals of Minnesota.
September 23, 2003.
*380 Thomas A. Volk, Chaska, MN, for appellant.
Michael A. Fahey, Carver County Attorney, Robert G. Hendricks, Assistant County Attorney, Carver County Justice Center, Carver County Attorney's Office, Chaska, MN, for respondent.
Considered and decided by HARTEN, Presiding Judge, G. BARRY ANDERSON, Judge, and WRIGHT, Judge.

*381 OPINION
G. BARRY ANDERSON, Judge.
Appellant challenges the district court's order directing that the proceeds from an insurance policy covering his vehicle be forfeited. Appellant argues that (1) Minnesota law does not allow for the forfeiture of insurance proceeds and (2) that the forfeiture violates his constitutional right against double jeopardy because it is punitive in nature and does not serve any of the remedial goals of the forfeiture statute. We affirm.

FACTS
On December 24, 2001, appellant Randy John Schug was involved in a two-car accident. The accident occurred after the vehicle appellant was driving crossed the centerline and struck an oncoming vehicle. Some of the occupants of the other vehicle were injured as a result of this accident. Both cars involved in the accident were damaged, but appellant's car was a total loss.
A blood test conducted after the accident revealed that appellant had a blood-alcohol content (BAC) of .20. A later test revealed a BAC of .16. In January 2002 the state notified appellant's automobile insurance carrier that the state had an interest in the settlement of any property-damage claim filed by appellant stemming from the December 24, 2001, accident. The state advised the insurer not to release any insurance proceeds until the district court ordered the insurance carrier to do so.
The state filed a civil complaint pursuant to Minn.Stat. §§ 169A.63, 609.5312 (2000), against appellant's vehicle, seeking the title to the vehicle and any insurance proceeds resulting from the accident. On September 10, 2002, appellant and the state entered into a plea agreement and appellant pleaded guilty to criminal vehicular operation in violation of Minn.Stat. § 609.21, subd. 2a (2)(i) (2002).
The civil files were consolidated in September 2002 and, because the parties did not dispute the facts, the matter was argued by memorandum only. The district court concluded that the insurance settlement was subject to forfeiture and ordered the settlement be paid to the state. This appeal followed.

ISSUES
I. Did the district court err in concluding that an automobile-insurance settlement represents the proceeds of a criminal activity and is therefore subject to forfeiture?
II. Does the forfeiture of motor vehicle property-damage-insurance proceeds violate the constitutional protections against double jeopardy?

ANALYSIS

I
Minnesota's forfeiture law provides that "all money and other property, real and personal, that represent proceeds of a designated offense * * * are subject to forfeiture. Minn.Stat. § 609.5312, subd. 1 (2002). Because appellant was convicted of criminal vehicular operation which is a designated offense under Minn.Stat. § 609.531, subd. 1(f)(2) (2002), the central issue here is whether the insurance-settlement payment qualifies as a proceed of a crime under Minn.Stat. § 609.5312.
The construction and applicability of a statute are questions of law, reviewed de novo. Brookfield Trade Ctr. v. County of Ramsey, 584 N.W.2d 390, 393 (Minn.1998); O'Malley v. Ulland Bros., 549 N.W.2d 889, 892 (Minn.1996). Courts must first look to the language of the statute to determine *382 its meaning and "ascertain and effectuate the intent of the legislature." Minn.Stat. § 645.16 (2002). If the meaning of a statute is plain and unambiguous on its face, judicial construction is neither necessary nor proper. Occhino v. Grover, 640 N.W.2d 357, 359 (Minn.App.2002), review denied (Minn. May 28, 2002). "But courts are not to give effect to the plain meaning of the statute if it produces absurd results or it is clearly at odds with the policy of the legislation as a whole." Swenson v. Waseca Mut. Ins. Co., 653 N.W.2d 794, 797 (Minn.App.2002), review denied (Minn. Feb 26, 2003).
In Minnesota, a forfeiture claim is a civil in rem action. Minn.Stat. 609.531, subd. 6a. The property's status as defendant is "based on the legal fiction that it is the inanimate object itself, not the possessor or owner, that is guilty of wrongdoing." Riley v. 1987 Station Wagon, 650 N.W.2d 441, 443 (Minn.2002) (citing Austin v. United States, 509 U.S. 602, 615-17, 113 S.Ct. 2801, 2808-09, 125 L.Ed.2d 488 (1993). Moreover, the legislature has provided that the proceeds generated from a designated offense may be forfeited despite the fact that the money is not itself "guilty" of the crime. Minn.Stat. 609.5312, subd. 1.
This state's forfeiture laws are remedial in nature and are to be construed liberally. Minn.Stat. § 609.531, subd. 1a (2000). But the United States Supreme Court has stated that "forfeiture generally and statutory in rem forfeiture in particular historically have been understood, at least in part, as punishment." Austin, 509 U.S. at 618, 113 S.Ct. at 2810. Accordingly, these laws are disfavored and will only be enforced when the claim is "within both letter and spirit of the law." Id. (quoting United States v. One 1936 Model Ford V-8 De Luxe Coach, Motor No. XX-XXXXXXX, 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249 (1939)). Because of the punitive and disfavored nature of the forfeiture laws this court is to "strictly construe its language and resolve any doubt in favor of the party challenging it." Id.
No Minnesota appellate court has addressed the issue of whether insurance proceeds may be seized under the forfeiture statutes. But there are cases that provide guidance on this issue.
For example, in Riley, the supreme court determined that a conviction for conspiracy to commit first degree murder did not justify a vehicle forfeiture because there was an insufficient nexus between the vehicle and the crime. Id. at 445. The state had argued that because the appellant used the vehicle to drive to a meeting with a police informant where the conspiracy was discussed and to transport tools that would be used to break into the intended victims' home, the vehicle had been used in furtherance of the conspiracy to commit a murder. Id. at 442.
The Riley court, reasoning that because the appellant had driven to the victims' home in a police informant's vehicle, concluded that the appellants vehicle had not played a critical role in the conspiracy. Id. at 445. The supreme court observed that automobiles are an essential part of our society and that there is little activity that takes place that is not in some way "facilitated" by the use of a car. Id. But there must be a showing that there is "a direct and substantial connection between the vehicle being forfeited and the designated offense" in order to satisfy the statutory requirement that a vehicle was used to "facilitate" a crime. Minn.Stat. § 609.5312, subd. 1; Riley, 650 N.W.2d at 445. Based on the courts conclusion that the defendants vehicle "was neither a `tool' nor an `instrument' of the conspiracy," the Riley court ruled the vehicle was not subject to forfeiture. Id.
*383 Although State v. Rosenfeld, 540 N.W.2d 915 (Minn.App.1995) presents very different facts from the present case, it is nonetheless instructive. In Rosenfeld, this court concluded that a convicted drug dealer must forfeit the proceeds of his drug sales. Id. at 923. We concluded that allowing "criminals who had most successfully parlayed their drug related incomes into substantial assets to retain those assets would frustrate a remedial purpose of the provision permitting forfeiture of the proceeds of illegal activity." Id. at 922 (quoting U.S. v. Borromeo, 995 F.2d 23, 27 (4th Cir.1993)). This court went on to hold that no person has a "reasonable expectation" that the law will allow them to keep proceeds gained from illegal activity. Id.
Based on this legal topography, we conclude the district courts decision to require forfeiture of the insurance proceeds was proper. Unlike Riley, there is a direct connection between appellant's criminal conduct and the automobile. Appellants vehicle provided the means for appellant to break the law. And unlike Riley, where the vehicle was one car removed from the criminal conduct, appellants car was directly involved in the accident and injuries that led to appellant's conviction.
While appellant concedes that his car was involved in the accident and would most likely be subject to forfeiture,[1] he argues his insurance settlement played no role in the accident and should not be forfeited. But the state argues convincingly that to allow appellant to keep the insurance settlement would thwart the purpose of the forfeiture law: insuring that people convicted of a crime are not allowed to retain the money generated by their illegal conduct. Borromeo, 995 F.2d at 27.
It is true that the forfeiture laws are based on the premise the property in question committed the offense and thus can be seized. Riley, 650 N.W.2d at 443. Further complicating our analysis is that the legislature has not defined the term "proceeds" in connection with the forfeiture statutes. But the legislature has made clear that the forfeiture laws are not to be limited simply to the instrumentalities of a criminal enterprise but also to the "proceeds" generated by these activities. Minn. Stat § 609.5312, subd. 1. Additionally the legislature has deemed that property can be forfeited if the forfeiture helps to "reduce the economic incentive to engage in criminal enterprise" or "increase the pecuniary loss resulting from the detection of criminal activity." Minn.Stat. § 609.531, subd. 1a (3), (4).
As appellant admits, had the car not been completely destroyed by his criminal conduct, it would have been forfeitable. And there seems little doubt that denying appellant the insurance payment compensating for the loss of the vehicle destroyed as a result of his wrongful conduct dramatically increases the pecuniary loss resulting from his criminal behavior. Were we to hold, as appellant urges, that the vehicle is subject to forfeiture but the insurance proceeds are not, we would create the perverse economic incentive to engage in such dangerous driving that the vehicle might be destroyed rather than forfeited. In essence appellant asks us to allow him to keep the money that represents the value of his destroyed vehicle as a reward *384 for his criminally dangerous and harmful actions.
A far more sensible reading of the statute at issue here is that the property-damage-insurance payment is subject to forfeiture where the vehicle is also subject to forfeiture. We affirm the district court on this issue.

II
Appellant next argues that the forfeiture of his insurance settlement amounts to a violation of his constitutional protection against double jeopardy. The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Minnesota Constitution similarly provides that "no person shall be put twice in jeopardy of punishment for the same offense." Minn. Const. art. I, § 7. Generally, absent a compelling reason, Minnesota courts apply federal interpretations to a state constitutional provision when the federal and state constitutional provisions are nearly identical. City of Pine Springs v. One 1992 Harley Davidson, 555 N.W.2d 749, 752 (Minn.App. 1996). "[A] criminal adjudication followed by a civil forfeiture, or vice versa, violates double jeopardy provisions only if the forfeiture constitutes `punishment.'" Id. at 750.
The U.S. Supreme Court has established a two-prong test for determining whether an in rem civil forfeiture is punishment for double jeopardy purposes. In United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), the high court held that first the reviewing court must examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal and punitive or civil and remedial. Ursery, 518 U.S. at 288, 116 S.Ct. at 2147. Next, the court must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that "`it may not legitimately be viewed as civil in nature.'" Id. (quoting United States v. One Assortment of 89 Firearms, 465 U.S. 354, 366, 104 S.Ct. 1099, 1107, 79 L.Ed.2d 361 (1984)). A civil in rem forfeiture that has some punitive aspects will not necessarily violate double jeopardy provisions if it still serves important non-punitive goals. Ursery, 518 U.S. at 290, 116 S.Ct. at 2148.
The Riley court held that Minn.Stat. § 609.3512 is remedial in nature. Riley, 650 N.W.2d at 443. Similarly, Minnesota courts have repeatedly held that the legislature intended vehicle forfeiture under Minn.Stat. § 169.1217[2] to serve the important, non-punitive, remedial goal of enhancing public safety by separating repeat intoxicated drivers from the instrumentality used to commit criminal actions. Lukkason v. 1993 Chevrolet Extended Cab Pickup, 590 N.W.2d 803, 806 (Minn.App. 1999); review denied (Minn. May 18, 1999); see also City of New Hope v.1986 Mazda 626, 546 N.W.2d 300, 303-04 (Minn. App.1996); One 1992 Harley Davidson, 555 N.W.2d at 751.
Because it is well established that the purpose of this statute is primarily remedial, the sole question for this analysis is whether the record supports appellant's claim that the forfeiture of the insurance settlement is unduly punitive. We must, therefore, determine whether the record contains the requisite "clearest proof" that the effect of the statute is "so punitive so as to negate the legislatures intent to establish a civil, remedial mechanism." One 1992 Harley Davidson, 555 N.W.2d at 751.
*385 In Lukkason, we concluded that the forfeiture of a vehicle with value of $11,534.92, nearly two thousand dollars more than the proceeds at issue here, was not so excessively punitive to render the proceeding criminal rather than civil. 590 N.W.2d at 807-08. While Lukkason dealt with the forfeiture of a vehicle rather than the insurance proceeds, the principle underlying Lukkason applies. Because the insurance proceeds represent the fair-market value of appellants destroyed vehicle, forfeiture of this money is not unduly punitive.

DECISION
Because of the remedial nature of Minnesota's forfeiture law, property-damage-insurance proceeds are properly subject to forfeiture proceedings where the motor vehicle, if it had not been totally destroyed, would have otherwise been subject to forfeiture. And because the purpose of the forfeiture provisions of Minnesota law are remedial in nature, the forfeiture of insurance proceeds, under these facts, does not violate either the Minnesota or United States constitutional prohibitions against double jeopardy.
Affirmed.
NOTES
[1] It is well settled law that, under the proper statutory circumstances, a conviction for driving under the influence results in vehicle forfeiture. Lukkason v.1993 Chevrolet Extended Cab Pickup, 590 N.W.2d 803 (Minn.App. 1999), review denied (Minn. May 18, 1999); City of Pine Springs v. One 1992 Harley Davidson, 555 N.W.2d 749 (Minn.App.1996); City of New Hope v.1986 Mazda 626, 546 N.W.2d 300 (Minn.App.1996).
[2] Minn.Stat. § 169.1217 has since been re-codified as Minn.Stat. § 169A.63.