**David Lee LAASE, Respondent,**

v.

**2007 CHEVROLET TAHOE, Appellant.**

**No. A07–2023.**

Court of Appeals of Minnesota.

Aug. 26, 2008.

Stephen V. Grigsby, Princeton, MN, and Brian P. Karalus, St. Paul, MN, for Respondent.

Jeffrey R. Edblad, Isanti County Attorney, Shila A. Walek Hooper, Assistant County Attorney, Cambridge, MN, for Appellant.

Considered and decided by ROSS, Presiding Judge; JOHNSON, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

Appellant 2007 Chevrolet Tahoe (the vehicle) was seized in Isanti County because its driver, one of the vehicle's two joint owners, was convicted of a designated offense. After a hearing, the district court rejected the county's argument that the innocent-owner defense did not apply and ordered the vehicle to be returned to its other joint owner. The county challenges that order. Subsequently, the county moved for and was granted a stay of the order pending this appeal.

## FACTS

On 17 May 2006, in Isanti County, Jean Laase, wife of respondent David Laase, was driving a 2007 Chevrolet Tahoe of which they were joint owners. She was stopped and arrested for suspicion of DWI, and the vehicle was seized for forfeiture. She pled guilty to second-degree DWI—refusal to submit to chemical testing. She had one prior impaired-driving conviction. The district court disallowed

forfeiture under the innocent-owner defense.[1]

## ISSUE

Does Minn.Stat. § 169A.63, subd. 7(d) (2006), authorize forfeiture of a vehicle used by one of its owners to commit a designated offense when a joint owner proves by clear and convincing evidence that he or she did not know the vehicle would be used in a manner contrary to law?

## ANALYSIS

Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn. 1998). The application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn. 1996).

The county argues that the vehicle is subject to forfeiture because its driver was convicted of a designated offense while driving it and "[a] vehicle is presumed subject to forfeiture ... if ... the driver is convicted of the designated offense upon which the forfeiture is based...." Minn. Stat. § 169A.63, subd. 7(a)(1) (2006). Respondent asserts that the vehicle is not subject to forfeiture because he demonstrated by clear and convincing evidence that he did not know it would be operated in a manner contrary to law and "[a] motor vehicle is not subject to forfeiture ... if its owner can demonstrate by clear and convincing evidence that the owner did not

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. The district court ruled from the bench and found that respondent "did not know that [his wife] consumed any alcohol ... [or] that her intent was to consume alcohol.... [Respondent] by clear and convincing evidence has shown that he had no knowledge of alcohol consumption, intent to consume alcohol, [or] intent to violate [a] Minnesota Statute by driving under the influence...."

have actual or constructive knowledge that the vehicle would be used or operated in any manner contrary to law...." Minn. Stat. § 169A.63, subd. 7(d) (2006) (the innocent-owner defense).

No statute addresses the instant situation in which one owner of a jointly owned vehicle subjects the vehicle to forfeiture by driving it in a manner that led to that joint owner's conviction of a designated offense and the other joint owner challenges forfeiture by showing that he had no knowledge that the vehicle would be driven in a manner contrary to law. The absence of statutory law covering forfeiture in these circumstances creates a case of first impression.

It is well settled that courts may not add to a statute what the legislature purposely omits or inadvertently overlooks. *Ullom v. Indep. Sch. Dist. No. 112,* 515 N.W.2d 615, 617 (Minn.App.1994); *see also Genin v.1996 Mercury Marquis,* 622 N.W.2d 114, 119 (Minn.2001) (rejecting construction of statute that would "add words to the statute [because] the rules governing statutory construction forbid that"). The legislature could have restricted application of the innocent-owner defense to forfeiture set out in Minn.Stat. § 169A.63, subd. 7(d), to situations in which the driver of the vehicle was not a joint owner, but it did not do so.[2]

*Genin* addressed whether, when a vehicle was seized for forfeiture but ultimately returned to its owner, the owner or the seizing authority was responsible for storage fees during the seizure. 622 N.W.2d at 116. The vehicle was seized under Minn.Stat. § 169.1217 (1998), which provided that the owner of a seized vehicle could recover possession of the vehicle be-fore the forfeiture proceeding by posting bond. The owner in *Genin* did not post bond, and his vehicle was not ultimately forfeited but returned to him. 622 N.W.2d at 116. The statute provided that, if the vehicle was ultimately forfeited, the proceeds could be used to pay its storage expenses, but did not address how those expenses were to be paid if the vehicle was not ultimately forfeited. *Id.* at 117–18. The supreme court rejected the view that, by not posting bond, the owner had rendered himself liable for the storage fees because it involved amending rather than construing the statute. *Id.* at 119. Analogously, we cannot amend the innocent-owner defense to exclude its application in situations in which the offending driver is also a joint-owner.

■ Moreover, "[b]ecause of the punitive and disfavored nature of the forfeiture laws, this court is to strictly construe [their] language and resolve any doubt in favor of the party challenging [them]." *Schug v. Nine Thousand Nine Hundred Sixteen Dollars & Fifty Cents in U.S. Currency,* 669 N.W.2d 379, 382 (Minn.App. 2003) (quotation omitted), *review denied* (Minn. 16 Dec. 2003). The doubt resulting from the omission of statutory language reconciling Minn.Stat. § 169A.63, subds. 6, 7(a)(1) (2006) (requiring forfeiture of a vehicle whose driver is convicted of a designated offense) with Minn.Stat. § 169A.63, subd. 7(d) (disallowing forfeiture of a vehicle whose owner does not know it is being driven in a manner contrary to law) must therefore be resolved in favor of respondent, a joint owner of the vehicle and the party challenging forfeiture.

---

2. The only statutory provision concerning vehicles with joint owners is Minn.Stat. § 169A.63, subd. 1(h) (2006), providing that "if a motor vehicle is owned jointly by two or more people, each owner's interest extends to the whole of the vehicle and is not subject to apportionment." Because neither party suggested apportionment, this provision is not relevant here.

In construing statutes, our objective is to give effect to the intent of the legislature. Minn.Stat. § 645.16 (2006). The legislature's reluctance to impose forfeiture on a vehicle whose owner was not aware of its misuse is evident not only in Minn.Stat. § 169A.63, subd. 7(d) (owner of vehicle whose driver is convicted of designated offense) but also in Minn.Stat. § 609.5312, subd. 2(a) (2006) (owner of property used in transaction of business as a common carrier); Minn.Stat. § 609.5312, subd. 3(b)(2) (2006) (owner of vehicle used in prostitution offense); Minn.Stat. § 609.5312, subd. 4(b)(2) (2006) (owner of vehicle used for fleeing a police officer); and Minn.Stat. § 609.5318, subd. 5(b) (2006) (owner of vehicle used in drive-by shooting). Minn.Stat. §§ 609.531–.5318 "must be liberally construed to carry out [their] . . . remedial purposes. . . ." Minn. Stat. § 609.531, subd. 1a (2006). Liberal construction "applies a writing in light of the situation presented and . . . tends to effectuate the spirit and purpose of the writing." *Black's Law Dictionary* 308 (7th ed.1999). The purpose of the cited provisions of those statutes is to prevent innocent owners from losing their vehicles through forfeiture. Thus, Minn.Stat. § 169A.63, subd. 7(d), sharing that purpose, should also be liberally construed to prevent respondent, an innocent owner, from losing his vehicle through forfeiture.[3]

Finally, the county argues that returning respondent's vehicle to him defeats the forfeiture statute's overall purpose of protecting the public from intoxicated drivers. *See Lukkason v.1993 Chevrolet Extended Cab Pickup,* 590 N.W.2d 803, 806 (Minn.App.1999) (construing predecessor statute), *review denied* (Minn. 18 May 1999). But "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." *State v. Loge,* 608 N.W.2d 152, 155 (Minn.2000) (quotation omitted). The law explicitly and repeatedly provides that vehicles used to commit crimes are not subject to forfeiture if their owners did not know of the criminal use. *See* Minn. Stat. § 169A.63, subd. 7(d); Minn.Stat. § 609.5312, subd. 2(a); Minn.Stat. § 609.5312, subd. 3(b)(2); Minn.Stat. § 609.5312, subd. 4(b)(2); Minn.Stat. § 609.5318, subd. 5(b). We agree with the county that the spirit of Minn.Stat. § 169A.63, subd. 7(a)(1), is protecting the public from vehicles driven by intoxicated drivers, but we cannot ignore the letter of Minn.Stat. § 169A.63, subd. 7(d), precluding forfeiture of the vehicles of innocent owners. Respondent, an innocent joint owner, is entitled to the return of his vehicle.

## DECISION

Because Minn.Stat. § 169A.63 (2006), does not authorize forfeiture of a vehicle used by one of its joint owners to commit a designated offense when the other joint owner has proved by clear and convincing evidence that he did not know the vehicle would be used in a manner contrary to law, the district court did not err in ordering the return of respondent's vehicle.

**Affirmed.**

---

**3.** Minn.Stat. § 169A.63, subd. 7(d), also provides that, "[i]f the offender [convicted of a designated offense committed while driving the vehicle] is a family or household member of the owner and has three or more prior impaired driving convictions, the owner is presumed to know of any vehicle use by the offender that is contrary to law." The legislature intended to limit the innocent-owner defense for vehicle owners whose families or households include members with three or more impaired driving convictions by requiring these owners to rebut a presumption that they knew the vehicle would be used by their family or household members in a manner contrary to law. This limitation on the innocent-owner defense does not apply to respondent, however, because his wife had only one prior impaired driving conviction.

JOHNSON, Judge (concurring specially).

I concur in the opinion of the court except insofar as it relies on chapter 609 of the Minnesota Statutes to reason that portions of the forfeiture provisions of chapter 169A should be "liberally construed." That language derives from chapter 609, in which the legislature stated that the forfeiture provisions in sections 609.531 to 609.5318 "must be liberally construed" to carry out certain remedial purposes. Minn.Stat. § 609.531, subd. 1a (2006). Sections 609.531 to 609.5318, however, have no application to this case because they relate only to forfeitures based on certain enumerated offenses, but driving while impaired in violation of section 169A.20 is not among them. Minn.Stat. § 609.531, subd. 1(f) (2006). Rather, the county seeks forfeiture based on section 169A.63.

In my view, this case should be decided by relying on the caselaw stating that forfeiture statutes are "disfavored generally" and, accordingly, that we must "strictly construe [the statutory] language and resolve any doubt in favor of the party challenging" the application of such a statute. *Riley v.1987 Station Wagon*, 650 N.W.2d 441, 443 (Minn.2002); *see also Torgelson v. Real Prop. Known as 17138 880th Ave.*, 749 N.W.2d 24, 26–27 (Minn.2008). It also is appropriate, as the court's opinion reflects, to follow the analytical approach taken in *Genin v.1996 Mercury Marquis*, 622 N.W.2d 114, 117–18, 119 (Minn.2001) (noting that contrary interpretation of statute that was "silent as to who bears responsibility for any accrued storage fees when the owner prevails at a forfeiture proceeding" would "encroach upon the legislature's domain"). Consistent with this caselaw, the court properly interprets section 169A.63 to not permit forfeiture of the Laases' jointly owned vehicle. In light of the language in subdivision 6, subdivision 7(d), and the third sentence of subdivision 1(h), there is no textual basis for a conclusion that the legislature intended either to permit or to prohibit forfeiture in this situation.

For these reasons, I concur in the opinion of the court.

ROSS, Judge (dissenting).

I respectfully dissent. The court's opinion accurately recognizes the general rule that "[a] vehicle is presumed subject to forfeiture ... if ... the driver is convicted of the designated offense upon which forfeiture is based." Minn.Stat. § 169A.63, subd. 7(a)(1) (2006). But based on the proposition that forfeiture laws are tainted with a punitive and disfavored nature, the opinion liberally construes the innocent-owner exception to void the operation of the plainly stated forfeiture rule to resolve what it perceives to be doubt about the application of the exception, ultimately disallowing forfeiture. I do not read the rule and the exception as accommodating any doubt concerning whether a car owned by an offender may be subject to forfeiture under section 169A.63. I believe that the exception does not apply in this situation.

For our purposes, the statutory language stating the rule and then the exception is as follows: "A vehicle is presumed subject to forfeiture under this section if ... the driver is convicted of the designated offense upon which the forfeiture is based." Minn.Stat. § 169A.63, subd. 7(a)(1). "A motor vehicle is not subject to forfeiture under this section if its owner can demonstrate by clear and convincing evidence that the owner did not have actual or constructive knowledge that the vehicle would be used or operated in any manner contrary to law or that the owner took reasonable steps to prevent use of the vehicle by the offender." *Id.*, subd. 7(d).

In my view, in context of the entire statute, the innocent-owner exception applies when "the owner," meaning the *only* owner or in the case of joint ownership *all* owners, prove by clear and convincing evidence that "the owner" did not know that the vehicle would be used contrary to law or that "the owner" took reasonable steps to prevent use by "the offender." It is plain to me for two reasons that the legislature did not draft the innocent-owner exception to apply in cases such as this, when "the offender" jointly owns the vehicle with a nonoffending spouse or family member.

First, the literal reading of the exception supports this conclusion. The subdivision 7(d) operative language regards "the owner" and "the offender" clearly as separate persons or classes of persons. Following the legislative directive to apply the plain language to construe unambiguous provisions of its statutes, Minn.Stat. § 645.08 (2006), I would urge that we take the most logical reading of the exception at face value. This leads me to conclude that it applies only when the owner, or in the case of multiple owners, all owners, prove a lack of knowledge of the offender's illegal use. My reading is buttressed by the legislature's guidance explaining that when construing statutes, "the singular includes the plural." *Id.* The exception's singular reference to "the owner" therefore must refer to *all* owners where, as here, there is more than one owner. And this conclusion finds further support in the next sentence of the subdivision. That sentence specifically addresses the situation in which "the offender" is "a family or household member of the owner," indicating again that the legislature did not intend for the exception to apply unless the offender is neither the single owner nor among the class of plural owners. Here, all owners cannot establish lack of knowledge by clear and convincing evidence, since one of them is "the offender."

Second, the legislature knew how to, easily could have, but chose not to, use simple language that applies the exception in situations when the vehicle is owned jointly by two or more people, one of whom is the offender, as in the present case. When the legislature defined the term "owner" as applied to section 169A.63, it prescribed that the term means "a person" entitled to use the vehicle, including certain lessees, and it explained that "a person registered as the owner" is presumptively "the owner." Minn.Stat. § 169A.63, subd. 1(h) (2006). In that same definition, the legislature specifically declared the ownership interest of a vehicle that "is owned jointly by two or more people." *Id.* This informs us that the legislature knew how linguistically to address joint ownership situations. I do not think we can overlook that the legislature chose not to use this simple language addressing jointly owned vehicles just six subdivisions later in the same section when setting forth the forfeiture exception as applying to "the owner" in contrast with "the offender." I add that the legislature was also obviously mindful of competing ownership interests when it enacted the subdivision. Subdivision 7's second and third paragraphs address forfeiture of seized vehicles that are subject to a lease or to a perfected security interest. *Id.*, subd. 7(b), (c) (2006). In similar fashion, it could have imposed forfeiture limits, including the innocent-owner exception, in cases of jointly owned vehicles. It did not.

I agree with the concurring opinion that forfeiture provisions ought to be strictly construed. But strict construction of "disfavored" forfeiture laws nevertheless allow forfeiture when the forfeiture falls "within both letter and spirit of the law." *Schug v. Nine Thousand Nine Hundred Sixteen Dollars and Fifty Cents in U.S. Currency,*

669 N.W.2d 379, 382 (Minn.App.2003) (quotation omitted), *review denied* (Minn. Dec. 16, 2003). The court's opinion dismisses the county's argument by treating it as relying on the spirit rather than the letter of the law. While we certainly ought not to disregard the letter in search of the spirit, Minn.Stat. § 645.16 (2006), I construe the letter plainly to presume forfeiture and to make exceptions only as plainly articulated in subdivision 7(d).

My dissent depends on a literal construction of the statute; I would not presume that the legislature intended the exception to apply beyond the language of that section in joint ownership cases, especially when it imbedded the exception in a provision that makes sense only when the offender is a nonowner. I add that although I see no ambiguity, *if* there is any ambiguity in the statute, it lies only in the exception (subdivision 7(d)), not in the rule (subdivision 7(a)). Under a straightforward textual review, the rule expressly and plainly authorizes vehicle forfeiture with the implied presumption either that the offender is the owner or that the owner consents to the offender's illegal use. There is no ambiguity to be found here. The exception, which is where both the majority and concurring opinions suggest an ambiguity, exists only in the context of the rule. If the exception is indeed ambiguous, it is not our prerogative to apply it any more broadly than its strictest interpretation would allow.

In this case, Ms. Laase was "the offender." For that reason, I would apply the statute expressly and hold that the exception does not apply to prevent forfeiture of the vehicle that she owned and operated while impaired. I would therefore reverse.