**Russell Eldon BRILES, Appellant,**

v.

**2013 GMC TERRAIN, MN LICENSE NUMBER: 168KSE, VIN: 2GKFLZE3XD6336507, Respondent.**

A16-0768

Court of Appeals of Minnesota.

Filed March 13, 2017

---

526

James M. Ventura, Wayzata, Minnesota (for appellant).

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent).

Considered and decided by Jesson, Presiding Judge; Ross, Judge; and Schellhas, Judge.

ROSS, Judge

## OPINION

Savage Police arrested Russell Briles's drunk son after he crashed and totaled Briles's GMC Terrain sport utility vehicle. The police department seized the vehicle and notified Briles of its intent to forfeit it under the impaired-driver forfeiture statute, Minnesota Statutes section 169A.63. Briles had no intent to recover the totaled, seized wreck, planning instead to recover on his automobile insurance policy. But unbeknownst to Briles, the police department's attorney told his insurer to hold any insurance proceeds and implied that the department had the right to them. Briles discovered the city's representation to his insurer only after the statutory 60-day deadline for his right to file a civil complaint to challenge the forfeiture. Briles filed a demand for judicial determination anyway, arguing that the GMC had been improperly seized and that insurance proceeds are not forfeitable under the statute. The district court rejected his filing as untimely based on its conclusion that the police department had the right to any insurance proceeds. Because Briles filed his demand for judicial determination of the vehicle forfeiture after the statutory deadline, we affirm in part. But because the statute authorizes only the forfeiture of a person's possessory and ownership interests in a seized vehicle, not that person's insurance contract rights, we reverse in part.

## FACTS

Russell Briles's son Andrew went on a joyride in Briles's 2013 GMC Terrain, without Briles's permission, while Briles and his wife were away on a camping trip in September 2015. Savage Police observed the GMC speeding, and Andrew led police on a high-speed chase until he lost control and crashed the car. Police removed him from the car, obviously intoxicated, and he eventually completed a breath test revealing a 0.22 alcohol concentration. The state charged him with fleeing police, second-degree impaired driving, and driving after his license had been cancelled. He had five previous alcohol-related driving convictions or license revocations.

Andrew told police that he had never previously driven the GMC and that he did not have Briles's permission to drive it. Police called Briles that same day. He likewise told police that the GMC belonged to him, not to Andrew, and that Andrew had no permission to drive the GMC or any other car. The officer told Briles that the vehicle was being held for forfeiture and that a certified letter declaring that had already been sent. A transcript of that telephone discussion reveals that the officer never discussed insurance coverage or mentioned any interest in insurance proceeds.

On September 25, 2015, Briles received by certified mail the formal "Notice of Seizure and Intent to Forfeit Vehicle / Property," identifying Briles's GMC and stating, "This property is subject to forfeiture because it was used to commit: Impaired Driving—MS § 169A.63." Minnesota Statutes section 169A.63 is the

impaired-driving forfeiture statute. The notice also stated, "You will automatically lose the above-described property and the right to be heard in court if you do not file a lawsuit and serve the prosecuting authority within 60 days," and, "Forfeiture of the property is automatic unless within 60 days following service of this Notice of Seizure, you, or any person who has a legal interest in the property, file a demand for a determination by a judge." The notice said nothing about the department's plan to seize or forfeit any insurance proceeds related to the crash.

On the same day that Briles received the written forfeiture notice, an assistant Scott County attorney sent a letter to Briles's insurance carrier, Progressive Insurance. The letter notified Progressive of the police department's forfeiture interest in Briles's GMC, and, citing *Schug v. $9,916.50 in U.S. Currency*, 669 N.W.2d 379 (Minn.App.2003), *review denied* (Minn. Dec. 16, 2003), urged Progressive not to disburse any insurance proceeds until the forfeiture was resolved. The attorney did not copy Briles on this letter to his insurer. Briles did not learn about the letter until early December 2015. But this was after the statutory 60-day filing deadline to challenge the forfeiture and after the county attorney had already filed with the district court an administrative forfeiture certificate, which indicated that Briles had not filed any administrative or judicial challenge to the forfeiture.

Briles filed a civil complaint on December 21, 2015, seeking a judicial determination of the forfeiture. In it, he maintained that his vehicle was improperly seized, that he did not consent to his son's use of the vehicle, and that he was an "innocent owner" under section 169A.63, subdivision 7(d). He also asserted that he did not commit the offense, that the notice of forfeiture failed to inform him that the police department was seeking insurance proceeds, and that the city tortiously interfered with his insurance contract.

The City of Savage moved the district court to dismiss Briles's challenge for lack of jurisdiction based on Briles's failure to file his complaint within the 60 days allowed by section 169A.63, subdivision 8(e). Briles opposed the motion, arguing first that his vehicle was not properly subject to forfeiture because Andrew drove it without permission and that this circumstance excludes the GMC from the statutory definition of "motor vehicle" and defeats the city's legal basis for the forfeiture. He also argued that the rule in *Schug* does not apply, that the city improperly failed to notify him of its intent to claim insurance proceeds, and that, regardless of whether his complaint was timely to challenge forfeiture of the GMC, it was timely to challenge forfeiture of insurance proceeds, because of the city's failure to provide notice.

The district court found that Briles failed to raise his innocent-owner defense in a timely filing. It also found that it lacked jurisdiction to reach the merits of Briles's claims because Briles received proper notice and failed to timely seek a judicial determination of the forfeiture. The district court nonetheless held that the impaired-driver forfeiture statute "specifically states that the seizing agency is vested with '[a]ll right, title, and interest' in the vehicle—that is in this case, the Savage Police Department's right to the totaled vehicle's insurance proceeds." The district court dismissed Briles's complaint with prejudice.

Briles appeals.

## ISSUES

I. Does an aggrieved person who claims that his vehicle was improperly seized by a law enforcement agency for a

designated offense under Minnesota Statutes section 169A.63, because the vehicle had previously been stolen or taken in violation of law, forfeit that claim if he raises it in a civil complaint demanding a judicial determination of the forfeiture's validity filed after the statutory period for challenging the forfeiture?

II. Does a forfeiting agency's authority to forfeit the "right, title, and interest" in a wrecked vehicle under Minnesota Statutes section 169A.63 include the right to any insurance proceeds for damage to the vehicle to which the policyholder is otherwise entitled?

## ANALYSIS

Briles argues that the district court erred by dismissing his complaint because his son Andrew admitted that he had knowingly taken the car without permission, excluding the seized GMC from the definition of a forfeitable "motor vehicle" under the statute and, consequently, voiding the forfeiture from the outset. This argument fails, so we affirm in part. Briles also maintains that the district court erred by holding that any insurance proceeds are forfeitable property under the impaired-driver vehicle-forfeiture statute. This argument prevails, so we reverse in part.

## I

Briles argues that the district court erred by granting the city's motion to dismiss his vehicle-forfeiture challenge for lack of jurisdiction. We review de novo whether a district court had jurisdiction. *Garde v. One 1992 Ford Explorer XLT*, 662 N.W.2d 165, 166 (Minn.App.2003). Determining whether the district court had jurisdiction here requires us to interpret the impaired-driver vehicle-forfeiture statute, and statutory interpretation is a legal question that we review de novo. *Patino v. One 2007 Chevrolet*, 821 N.W.2d 810, 813 (Minn.2012). Our goal in statutory interpretation is to determine and effectuate the legislature's intent. *Id.*; Minn. Stat. § 645.16 (2016). If a statute is unambiguous, we look for intent nowhere else and follow its plain language. *Garde*, 662 N.W.2d at 166; Minn. Stat. § 645.16 (providing that when statutory language is "clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit").

Briles contends that his GMC was not a "vehicle" as defined by the forfeiture statute because his son took it without permission. As a result, he argues, the forfeiture proceeding was "void *ab initio*," implicitly rendering the untimeliness of his filing inconsequential. Minnesota Statutes section 169A.63 establishes the procedure for impaired-driver vehicle forfeiture. It first defines the terms used in the section and lists the designated offenses triggering forfeiture. Minn. Stat. § 169A.63, subd. 1(b)-(j). It states, " 'Motor vehicle' and 'vehicle' do not include a vehicle which is stolen or taken in violation of the law." *Id.*, subd. 1(g). When a driver commits one of the offenses that triggers a forfeiture, the forfeiting agency can seize the vehicle and initiate forfeiture proceedings. *See id.*, subds. 2-9. The agency must then notify the vehicle's owner of the agency's intent to take the vehicle through forfeiture, and the owner can challenge the forfeiture by filing a civil complaint in the district court within 60 days after the notice. *Id.*, subd. 8(b), (e). The owner's civil complaint "must state with specificity the grounds on which the claimant alleges the vehicle was improperly seized, the claimant's interest in the vehicle seized, and any affirmative defenses the claimant may have." *Id.*, subd. 8(f).

We strictly construe these filing requirements. *See, e.g., Van Note v. 2007 Pontiac*, 787 N.W.2d 214, 220 (Minn.App. 2010) (reversing for failure to dismiss untimely complaint); *Garde*, 662 N.W.2d at 167 (reversing district court's failure to dismiss claimant's case where claimant failed to serve the prosecuting authority). Briles's civil complaint did not clearly assert that his vehicle is not subject to forfeiture because his son took it without permission; he established that argument in response to the city's motion to dismiss. His complaint does clearly assert that he is an innocent owner. The district court seemingly conflated these different forfeiture-defense theories:

> Here, Plaintiff argues that the [police] should not have commenced forfeiture proceedings against the vehicle because Driver and Plaintiff both claimed that Driver took the vehicle without permission. Thus, Plaintiff argues that the forfeiture proceedings are 'void *ab initio.*' Without getting into the merits of Plaintiff's innocent owner claim, Plaintiff's argument is unconvincing....

It is true that Briles's innocent-owner defense differs from his defense that a seized vehicle is not a "vehicle" subject to forfeiture under the statutory definition. And Briles presents a well-reasoned argument urging that his GMC should not be subject to impaired-driver forfeiture if it was taken in violation of law. But this argument bears on the district court's application of subdivision 8, which requires an aggrieved person to challenge the forfeiture in a timely complaint. Briles essentially argues that the GMC was improperly seized, but the statute expressly requires improper-seizure allegations to be presented in a complaint. Minn. Stat. § 169A.63, subd. 8(f). Because Briles's complaint was untimely, at least to challenge forfeiture of the GMC itself, the district court properly dismissed the complaint without reaching the definitional argument.

II

Briles also argues that the district court erred by granting the motion to dismiss as to the insurance proceeds. He frames the argument in jurisdictional terms, and again, we review the question of jurisdiction de novo. *Garde*, 662 N.W.2d at 166.

The district court included its substantive analysis determining vehicle-forfeiture rights when it decided the jurisdictional question. In deciding whether Briles's filing was timely to challenge the city's intent to forfeit the insurance proceeds, the district court had to determine whether the notice that Briles received from the police department sufficiently informed him of the department's intent to forfeit those proceeds. This analysis turns on the interpretation of the meaning of the phrase "[a]ll right, title, and interest" in section 169A.63, subdivision 3. We review statutory interpretation questions de novo. *Patino*, 821 N.W.2d at 813.

We have recognized that the legislature intended the impaired-driver forfeiture statute "to serve the important, non-punitive remedial goal of enhancing public safety by removing from repeat intoxicated drivers the instrumentality used to commit their violations." *City of New Brighton v. 2000 Ford Excursion*, 622 N.W.2d 364, 369 (Minn.App.2001) (quotation omitted), *review denied* (Minn. Apr. 17, 2001). But the United States and Minnesota Supreme Courts have both recognized that forfeiture is at least partly a punishment. *See Austin v. United States*, 509 U.S. 602, 615–17, 113 S.Ct. 2801, 2808–10, 125 L.Ed.2d 488 (1993); *Riley v. 1987 Station Wagon*, 650 N.W.2d 441, 443 (Minn.2002). To the extent that forfeiture actions are punitive, reviewing courts strictly construe the au-

thorizing statute's language, resolving any doubts about the right to forfeit in favor of the party who opposes forfeiture. *See Laase v. 2007 Chevrolet Tahoe*, 776 N.W.2d 431, 439 (Minn.2009) (recognizing that "punitive statutes, like the [impaired-driver] vehicle forfeiture statute, are to be construed strictly in favor of the challenging party"); *Riley*, 650 N.W.2d at 443; *Woodruff v. 2008 Mercedes*, 831 N.W.2d 9, 13 (Minn.App.2013).

We believe this case can be resolved on the statute's plain language. Section 169A.63 nowhere specifies that money, proceeds, or anything other than the right, title, and interest *in the vehicle itself* is forfeitable: "All right, title, and interest in a vehicle subject to forfeiture under this section vests in the appropriate agency upon commission of the conduct resulting in the designated offense or designated license revocation giving rise to the forfeiture." Minn. Stat. § 169A.63, subd. 3.

Neither party argues that section 169A.63 is ambiguous. Rather, they dispute whether the forfeiting agency's "right, title, and interest" in a forfeited vehicle extends to the right to related insurance proceeds, which in some sense represent the wrecked vehicle. The legislature has written a broader statute, which was not invoked and does not apply here, to expressly include the targeted property *and* property "that represent[s] proceeds of a designated offense": "All personal property is subject to forfeiture if it was used or intended for use to commit or facilitate the commission of a designated offense. All money and other property, real and personal, that represent proceeds of a designated offense, and all contraband property, are subject to forfeiture, except as provided in this section." Minn. Stat. § 609.5312, subd. 1(a) (2016). And the legislature expressly urges that we treat this criminal forfeiture statute, section

609.5312, liberally rather than strictly. *See* Minn. Stat. § 609.531, subd. 1a (2016) (stating that sections 609.531 to 609.5318 must be liberally construed). This demonstrates that the legislature knows how to *expressly* include the kind of liberal and broadening language that the city asks us to incorporate *inferentially* into section 169A.63. Because we presume that the legislature is aware of the caselaw consistently treating the impaired-driver forfeiture statute strictly against an agency's power to take a vehicle by forfeiture, in contrast to the liberal treatment of criminal forfeiture statutes, we can infer that its choice not to add any broadening language in section 169A.63 is intentional. Nothing in the language of section 169A.63 moves us to believe that any property other than the right, title, and interest in the offender's *vehicle itself* is forfeitable property under that section.

The city urges us to hold that "right, title, and interest" in a vehicle forfeited under section 169A.63 includes insurance proceeds as representative of the forfeited vehicle, even though section 169A.63 does not include the broad language of section 609.5312. It argues that our holding in *Schug*, 669 N.W.2d at 384, which authorized the forfeiture of insurance funds as proceeds of a crime under section 609.5312, applies also to impaired-driver forfeiture under section 169A.63. We think the city reads *Schug* imprecisely.

In *Schug*, it is clear that we decided that an insurance-settlement payment qualifies as forfeitable "proceeds" of a crime only under section 609.5312, even though the forfeiting agency commenced forfeiture under *both* section 609.5312 and section 169A.63. 669 N.W.2d at 381. Despite the agency's initiation of forfeiture under both statutes, we addressed only one of them in our decision. We expressly referred to and repeatedly discussed only section 609.5312

as we analyzed the appeal. *See id.* at 381–84. After we mentioned section 169A.63 once in describing the underlying facts ("The state filed a civil complaint pursuant to Minn. Stat. §§ 169A.63, 609.5312 (2000)...."), we mentioned it only once more. *See Schug,* 669 N.W.2d at 381, 384 n.2. But we never discussed and applied its language. This is not surprising because, again, between the two statutes, only section 609.5312 includes any language indicating that "money" and "proceeds" are subject to forfeiture. In focusing on the criminal-forfeiture statute in our analysis, the *Schug* court implicitly recognized what Briles points out here: section 169A.63 affords no textual basis to forfeit insurance proceeds. And our holding in *Schug* clarifies that we were indeed focused *only* on criminal forfeiture, not criminal forfeiture *and* impaired-driver forfeiture, concluding, "A far more sensible reading *of the statute at issue here* is that the property-damage-insurance payment is subject to forfeiture where the vehicle is also subject to forfeiture." *Schug,* 669 N.W.2d at 384 (emphasis added). Because we clarified in *Schug* that "the statute"—meaning, the *only* statute at issue—was section 609.5312, *Schug* does not demand (or suggest) that its holding reaches forfeiture proceedings that are, like the proceeding here, brought exclusively under section 169A.63.

We are not persuaded otherwise by the city's reference to *In re Disciplinary Action Against Rebeau,* 787 N.W.2d 168, 172 (Minn.2010). In that attorney-discipline case, the supreme court recounted that, after the forfeiting agency instituted a forfeiture under section 169A.63, the attorney's client pleaded guilty to second-degree drunk driving and "[a]s a result, both the title to the vehicle and the insurance proceeds for the damages to the vehicle vested in the Sheriff's Office." *Rebeau,* 787 N.W.2d at 172. The *Rebeau* court followed this statement with a citation to *Schug. Id.*

The city argues that we should follow this language in *Rebeau* because the legislature did not amend section 169A.63 after the *Rebeau* court made this statement, presumptively adopting that court's interpretation. The argument is not compelling.

■ *Rebeau's* summary of *Schug* is dictum with no bearing on the discipline issue that the *Rebeau* court was deciding. *Rebeau* was an attorney-discipline case, not a vehicle-forfeiture case. The *Rebeau* court included its brief statement about the forfeiture matter only to explain why the subject attorney was being disciplined. The attorney had sent a letter to the insurer of a seized car claiming that his client was entitled to the insurance proceeds, mischaracterizing the district court's order vacating an earlier summary judgment for the city. *Id.* at 172. Whether insurance proceeds are properly subject to an impaired-driver forfeiture proceeding was not central to the attorney's dishonest, bad-faith representation, which was the substantive issue before the *Rebeau* court. The *Rebeau* court appears to have assumed—but certainly never analyzed or decided—that our *Schug* holding applies to impaired-driving forfeitures. Whether the disciplined attorney or his client's municipal adversary had been correct in assuming that *Schug* applies to impaired-driver forfeitures was immaterial to the *Rebeau* holding that the attorney's dishonest letter constituted a disciplinable offense. " 'Dicta,' or more properly 'obiter dicta,' generally is considered to be expressions in a court's opinion which go beyond the facts before the court and therefore are the individual views of the author of the opinion and not binding in subsequent cases." *State ex rel. Foster v. Naftalin,* 246 Minn. 181, 208, 74 N.W.2d 249, 266 (1956). We are aware of no case citing either *Schug* or *Rebeau* as supporting the city's proposition

that *Schug*'s construction of section 609.5312 extends to section 169A.63.

The district court essentially concluded that, under *Schug*, the city may forfeit insurance proceeds that Briles's insurer otherwise may be obligated to pay Briles on the insurance contract. This mistake of law improperly expands the scope of lawful impaired-driver forfeiture. That the police department's forfeiture notice failed to inform Briles of any intent to forfeit insurance proceeds, and that the assistant county attorney then failed to copy Briles when it wrote to his insurer urging it not to pay Briles, helped, perhaps inadvertently, to keep Briles in the dark about the city's intent. But we need not address any concern about these omissions in light of our dispositive holding recognizing the city's limited forfeiture authority under the statute.[1]

## DECISION

As to the forfeiture of his vehicle under Minnesota Statutes section 169A.63, Briles filed his civil complaint after the 60-day deadline. The district court properly rejected Briles's challenge on that basis. But as to the forfeiture of any insurance proceeds resulting from an insurance policy covering Briles's vehicle, the district court incorrectly concluded that the "right, title, and interest" to a forfeited vehicle includes the right to the owner's contractual interest in the insurance proceeds.

**Affirmed in part and reversed in part.**

---

1. Progressive is not a party to this proceeding, and we do not decide whether Progressive must pay any party under the insurance contract, which neither party has included in the record and which we have not considered. Our decision is limited to addressing the district court's legal conclusion that "right, title, and interest" includes insurance proceeds.